**James M. FRAZER, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

No. 93–SC–054–KB.

Supreme Court of Kentucky.

Sept. 2, 1993.

Ray Clooney, Kentucky Bar Ass'n, Frankfort, for movant.

James M. Frazer, Monticello, Frank E. Haddad, Jr., Peter L. Ostermiller, Louisville, Robert L. Wilson, Jamestown, for respondent.

## OPINION AND ORDER OF
## PUBLIC REPRIMAND

This cause comes before the Court for review on request of respondent, James H. Frazer. It is contended that certain findings of fact of the Board of Governors are not supported by evidence and, in any event, that a suspension for a period of fifty-nine days is excessive.

Respondent was charged by the Inquiry Tribunal with three counts of unethical and unprofessional conduct arising out of his Workers' Compensation representation of Glenna F. Privett Davis in a claim against Outdoor Venture Corporation. Count I charged a failure of diligent prosecution of the case and a failure to keep the client informed of its progress. Count II charged a failure to keep numerous office appointments with the client, and Count III charged a failure to communicate to the client the fact that her case had been dismissed. After hearing the evidence, the trial commissioner rendered a report which generally found credible evidence to support the charges in Counts I and III. In its findings of fact, conclusions of law and recommendation, the Board of Governors found respondent guilty under Counts I and III and recommended that he be suspended from the practice of law for a period of fifty-nine days.

While respondent and the KBA differ as to the nuances to be ascribed to certain events, it is clear that from the time respondent undertook representation of Ms. Davis in the spring of 1990 until her case was dismissed in July of 1991, he did little to prosecute the claim to judgment. During this time, respondent failed to observe orders which contained deadlines, failed to attend scheduled hearings, failed to submit proof, and finally failed to properly notify the client that her claim had been dismissed.

The foregoing facts are mitigated, however, by events which arose during the pendency of the case. Shortly after respondent commenced the representation, he undertook full-time employment in a nearby city as chief counsel and operating officer for a health care agency. During this time, he worked more than sixty hours per week in the new employment and also attempted to finalize certain ongoing cases. His law office in Monticello remained open and staffed, and it remained his office address for purposes of this and other ongoing cases. Despite this

fact, during the pendency of this case, for reasons unknown, opposing counsel and the administrative law judge commenced forwarding respondent's mail to him at the address of his new employer, not his law office address where he had made arrangements for dealing with law practice mail. Respondent denies receiving several crucial items of mail, in particular the order of dismissal of which he failed to notify the client. Not until some six months after dismissal did the client learn of this fact. Finally, and despite a paucity of writings to confirm his efforts with respect to the case, respondent insists that settlement negotiations between himself and opposing counsel were more or less continually ongoing with there being a dispute as to whether the claim should be settled for 15% permanent partial disability plus future medical expenses or 10% permanent partial disability without future medical expenses.

Certain inferences readily emerge from the facts presented here. Respondent viewed this as a modest case which would likely be settled. His new employment with the health care agency was demanding and he took insufficient time to devote to an otherwise ordinary case. The prospect of settlement likely caused respondent to believe that little or no effort was required of him and this, too, contributed to his failure of activity. The result of all the foregoing, however, is that the client received manifestly substandard representation and as a result her case was dismissed. Respondent admitted as much as follows:

> "I think I have admitted to this tribunal that I was less than diligent in pursuing this claim."

Fortunately, respondent's former client obtained other counsel who timely re-filed the case.

The conclusion is virtually inescapable that respondent failed to act with reasonable diligence in representing his client in violation of SCR 3.130–1.3 and that he failed, albeit with some excuse, to keep his client reasonably informed about the status of the case in violation of SCR 3.130–1.4. His approach to the case appears to have been extremely casual and attended by poor judgment, but his conduct lacks moral turpitude or willful wrongdoing. The question we must answer is whether a suspension of fifty-nine days is appropriate or whether it should be modified.

Respondent has been a member of the Kentucky Bar Association since July 1, 1968. He has never before been subjected to bar discipline and he has continually maintained a law practice in Monticello, Kentucky, for most or all of his professional career. In circumstances not dissimilar to these, this Court has imposed a public reprimand. *Kentucky Bar Association v. Harris*, Ky., 809 S.W.2d 851 (1991), *Kentucky Bar Association v. Albert*, Ky., 668 S.W.2d 62 (1984), and *Kentucky Bar Association v. Crenshaw*, Ky., 781 S.W.2d 518 (1989). Although generally more aggravated, in other circumstances which bear some similarity, this Court has suspended the respondent attorney for as much as two years. *Kentucky Bar Association v. Littleton*, Ky., 560 S.W.2d 5 (1977), *Kentucky Bar Association v. Reed*, Ky., 631 S.W.2d 633 (1982), *Kentucky Bar Association v. Morton*, Ky., 613 S.W.2d 416 (1981), and *Kentucky Bar Association v. Martin*, Ky., 558 S.W.2d 173 (1977). The only reason for the apparently dissimilar treatment is that no two cases are exactly alike and this Court is charged with the duty of imposing the appropriate level of discipline. See SCR 3.380. In cases of neglect or lack of diligence without a moral turpitude component and involving lawyers who possess an otherwise untarnished record, the primary goal of the disciplinary process is to achieve remediation. Lawyers who value their professional reputations do not diminish the significance of a public reprimand and the goal of remediation is as well served by such punishment as by a suspension. A public reprimand and publication of an opinion such as this is notice to the legal community and the public of a respondent's misconduct and official recognition of disapproval by the Board of Governors of the Kentucky Bar Association and this Court.

As such and for the foregoing reasons, respondent, James M. Frazer, is hereby publicly reprimanded for the professional conduct described herein and directed to pay the costs of this action.

LAMBERT, LEIBSON, REYNOLDS and WINTESHEIMER, JJ., concur.

STEPHENS, C.J., and SPAIN, J., would adopt the recommendation of the Board of Governors and would set punishment at a 59-day suspension.

COMBS, J., would set punishment at a private reprimand.

ENTERED: September 2, 1993.

/s/ Robert F. Stephens
Chief Justice