**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**James M. FRAZER, Respondent.**

No. 94–SC–427–KB.

Supreme Court of Kentucky.

Sept. 29, 1994.

Barbara S. Rea, David B. Pearce, Kentucky Bar Ass'n, Frankfort, for complainant.

Frank E. Haddad, Jr., Peter L. Ostermiller, Louisville, Robert L. Wilson, Wilson & Smith, Jamestown, for respondent.

*OPINION AND ORDER*

Respondent has sought review of the recommendation of the Board of Governors that he be suspended from the practice of law for a period of six months. The Board's recommendation came as a result of its determination that respondent was guilty of four counts of failure to communicate with clients, lack of diligence and misrepresentation arising out of charges brought by two former clients. On charges brought by a third former client, respondent was found not guilty or the Board's determination was inconclusive.

Two of the counts of which respondent was found guilty by the Board arise out of his undertaking a Workers' Compensation case but failing to file the initiating document and thereafter telling the client that the case was ongoing and progressing satisfactorily. The two remaining counts of which respondent was found guilty arise out of his failure to assure that the circuit court clerk properly and timely certified a record on appeal resulting in dismissal of the appeal, and his failure to timely communicate the fact of the dismissal to his clients.

The violations at issue here, as well as the violations charged which did not result in a determination of guilt, occurred at a time when respondent was in the process of discontinuing his law practice and working full-

time as general counsel and operating officer of a health care agency. The relevant period is the same as in *Frazer v. Kentucky Bar Association*, Ky., 860 S.W.2d 775 (1993), and the overriding circumstances are substantially the same. In substance, respondent's defense is that he was extremely busy, heavily engaged in a new professional undertaking, attempting to finalize and close down ongoing cases, and that the cases at issue here slipped through the cracks by virtue of negligence, but without any intent to engage in unethical and unprofessional conduct.

In *Frazer v. Kentucky Bar Association*, on facts not dissimilar to these, this Court reduced the recommended punishment from a suspension of fifty-nine days to a public reprimand. We recognized that decisional law provided a broad range of punishment to facilitate imposition of an appropriate level of discipline. As a guiding principle, we said:

> In cases of neglect or lack of diligence without a moral turpitude component and involving lawyers who possess an otherwise untarnished record, the primary goal of the disciplinary process is to achieve remediation. Lawyers who value their professional reputations do not diminish the significance of a public reprimand and the goal of remediation is as well served by such punishment as by a suspension. A public reprimand and publication of an opinion such as this is notice to the legal community and the public of a respondent's misconduct and official recognition of disapproval by the Board of Governors of the Kentucky Bar Association and this Court.

As the foregoing demonstrates, it was our view that an isolated incident of neglect or lack of diligence or some similar violation should not *ipso facto* require suspension. In the instant case, however, such a view cannot be applied. It appears that a pattern of conduct which includes neglect, failure to communicate with clients and misrepresentation has been established[1] and that the only

appropriate punishment would be a period of suspension from the practice of law.

Of the eight counts submitted to the Board of Governors, respondent was found guilty of four. On these four counts, the vote in favor of conviction was virtually overwhelming. As to recommended punishment, nine Board members voted for a six-month suspension and four voted for a fifty-nine day suspension. We believe the prevailing recommendation of the Board is appropriate.

IT IS THEREFORE ORDERED that respondent, James M. Frazer, be and he is hereby suspended from the practice of law in Kentucky for a period of six (6) months. The period of suspension shall commence on September 29, 1994, and continue until such time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

The respondent is directed to pay the costs of this action in the amount of $2,390.78.

Pursuant to SCR 3.390, the respondent shall, within ten (10) days from the date of the entry of this order, notify all clients in writing of his inability to represent them and to furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

ENTERED: September 29, 1994.

/s/ Robert F. Stephen
CHIEF JUSTICE

---

1. Our opinion in *Frazer v. Kentucky Bar Association* stated that respondent had never before been subjected to bar discipline. 860 S.W.2d at 776. We have now been informed by the Kentucky Bar Association that this was in error. Evidently, respondent received a private admonition in December, 1977, for neglecting his duties as ancillary administrator and co-counsel for an estate.