KENTUCKY BAR ASSOCIATION, Complainant,

v.

Robert L. DEVERS, Respondent.

No. 96–SC–239–KB.

Supreme Court of Kentucky.

Dec. 19, 1996.

As Corrected Jan. 30, 1997.

Barbara S. Rea, Kentucky Bar Association, Frankfort, for Complainant.

Stephen G. Montoya, Robert L. Devers, Phoenix, AZ, for Respondent.

## OPINION AND ORDER

The Inquiry Tribunal issued eleven charges, containing a total of twenty-six counts, against respondent, Robert L. Devers. The Board of Governors of the Kentucky Bar Association found respondent to be guilty on sixteen counts and not guilty on ten counts. The Board recommended a two year suspension accompanied by an order to pay costs. Respondent filed a notice of review with this Court. Due to the voluminous nature of the counts of which respondent was found guilty, each one will be taken in turn.

■ 1. Respondent was found guilty of violating SCR 3.130–3.3(a) which prohibits a lawyer from knowingly making a false statement of material fact or law to a tribunal.

Respondent filed an answer in Knott District Court, on behalf of a his client, Bill Smith, which stated that the civil proceeding was stayed due to a pending bankruptcy action. However, there was no such bankruptcy action. It was not actually filed until two months after the District Court had continued the civil matter.

There was ample evidence to support a finding of guilt on this charge.

■ 2. Respondent was found guilty of violating SCR 3.130–1.3 which requires a lawyer to act with reasonable diligence and promptness in representing a client. Respondent was also found guilty of violating SCR 3.130–5.1(b) which provides that a lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the rules of professional conduct.

Respondent failed to adequately explain to the Bankruptcy trustee that respondent's clients, Sidney and Violet Johnson, could not produce the title to the trailer in which they were living due to the fact that the Johnson's were purchasing the trailer via a land contract and therefore did not possess title although the residence was listed on the Johnson's bankruptcy schedules as personal property.

Also, at the meetings of the creditors, an untrained and uninformed representative from respondent's office was sent to represent the Johnsons. The bankruptcy petition was ultimately dismissed and the representative from respondents office told the Johnsons that they must wait a period of time prior to refiling when in actuality, the Order dismissing the petition stated that the Johnsons could refile immediately.

There is ample evidence for findings of guilt on these charges.

■ 3. Respondent was found guilty of a violation of SCR 3.130–5.1(a), (b) and (c) which provides that a lawyer shall be responsible for another lawyer's violation of the rules of professional conduct only if the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved or the lawyer is a partner in a law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take adequate remedial action.

Warren Kent Williams and Donna Jo Williams came to respondent's office for the purpose of filing a Chapter 13 bankruptcy action. After the filing, Mr. Williams was sued upon a deficient loan. However, in the civil suit, Mr. Williams was sued under a name that he had previously used, Kent A. Williams. The bankruptcy court was not aware of this additional name. Mr. Williams returned to respondent's office and met with another attorney who filed an answer to the civil action under the name Kent A. Williams, stating that Kent A. Williams did owe the debt but that he (Kent A. Williams) was preparing to file for bankruptcy and therefore the proceedings should be stayed. The attorney also assured Mr. Williams that she would take care of the civil suit.

There is ample evidence to support a finding of guilt on this charge.

■ 4. Under the above stated facts, respondent was also found guilty of violating

SCR 3.130–3.3(a)(1) which prohibits a lawyer from knowingly making a false statement of material fact or law to a tribunal.

The Board looked to the filing of the answer by an attorney in respondent's office under an alias undisclosed to the courts in this instance and determined that it amounted to a false statement of a material fact.

There is ample evidence to support a finding of guilt on this charge.

■ 5. Respondent was found guilty of violating SCR 3.130–1.3 which requires a lawyer to act with reasonable diligence and promptness in representing a client.

Neither respondent nor anyone from respondent's office appeared in the civil suit to defend against the plaintiff's motion for a judgment on the pleadings. Judgment was entered against the respondent's client, Kent A. Williams, due to the lack of any defense and due also to the fact that the court was never adequately informed of the actual status of the Williams' case in bankruptcy; the only information that the civil court had was a boiler plate statement that Kent A. Williams intended to file bankruptcy.

There is ample evidence to support a finding of guilt on this charge.

■ 6. Respondent was found guilty of violating SCR 3.130–1.4 and 3.130–1.1 and 1.3 which require a lawyer to keep a client reasonably informed about the status of the case, represent the client competently and to act with reasonable diligence.

Respondent filed a motion in Bankruptcy Court for a hardship discharge of a Barbara Jo Deering's Chapter 13 payment schedule. The motion was overruled but Respondent advised Ms. Deering that she should stop making payments to the Chapter 13 trustee. Ms. Deering followed this advice and, as a result, the trustee moved to dismiss her case, which the court did. Therefore Ms. Deering was left with no bankruptcy protection. Thereafter, Ms. Deering's creditors initiated vigorous efforts toward collection.

Ms. Deering was unable to contact respondent personally, but filed a Chapter 7 petition pursuant to advice she received from an associate in respondent's office. No appearance was made by either respondent or a representative from his office at the first meeting of creditors and Ms. Deering was never informed by respondent or his office that respondent had been banned from further practice in the United States Bankruptcy Court for the Eastern District of Kentucky.

There is ample evidence to support a finding of guilt on this charge.

■ 7. Respondent was found guilty of violating SCR 3.130–1.1 which states the level of competence required and SCR 3.130–1.4(a) which holds that a lawyer must adequately communicate with his clients.

Respondent failed to inform Jerry Owens and Barbara Owens that their motion to amend their Chapter 13 payment plan had been overruled as a result of the absence of counsel for the Owenses at the hearing on the motion. Due to this failure to inform, the Owenses systematically reduced their payments to the trustee in accordance with the reduced payment plan that their motion had requested. In response to the delinquency in payments, the trustee moved the court to dismiss the case, which was granted at a hearing of which the Owenses had no knowledge. No one from respondent's office appeared on the Owenses behalf.

There is ample evidence to find guilt on this charge.

■ 8. Respondent was found guilty of violating SCR 3.130–5.5(b) which prohibits aiding in the unauthorized practice of law.

Respondent operated an office which was staffed by unlicensed employees, persons whose daily activities consisted of activities which constituted the practice of law as defined as, "any service rendered involving legal knowledge or legal advice, whether in representation, counsel or advocacy in or about of court, rendered in respect to the rights, duties, obligations, liabilities, or business relations of one requiring the services." SCR 3.020.

There is ample evidence to support a finding of guilt on this charge.

9. Respondent was found guilty of violating SCR 3.130–1.4(a) and (b) which requires a lawyer to communicate adequately with his clients and KRPC 1.16(d) which requires a lawyer to refund unearned fees upon the termination of the representation.

Respondent was hired to represent Hughey Rice and Imagene Rice in the filing of a bankruptcy petition. The Rices were informed of the Respondent's fee and accompanying court costs. The Rices began installment payments of the respondent's fee. When over half of the fee had been paid, Mrs. Rice discovered that the respondent's office had been closed. When she inquired at respondent's office in another town, she was told that the office was unable to help her and therefore she was unable to complete the payments. Respondent never filed a bankruptcy petition for the Rice's and there is no evidence that any legal work was undertaken on their case.

Respondent refunded $300 of the $525 paid by the Rices, but only upon the instigation of these proceedings.

There is ample evidence to find guilt on these charges.

10. Respondent was found guilty of violations of SCR 3.130–1.3 which holds that a lawyer must be diligent, SCR 3.130–1.16(b) which holds that a lawyer may withdraw from a case only if the withdrawal will create no prejudice to the client and SCR 3.130–1.16(d) which holds that a lawyer must refund any unearned fee upon the termination of the representation.

Respondent was retained by Judith Stanley in a Chapter 7 proceeding. Mrs. Stanley paid respondent $700, via his office employees, at his Pikeville office. Respondent then closed his eastern Kentucky offices, without any notice given to Mrs. Stanley, without refunding any portion of the monies that she had paid and without filing a petition for relief on her behalf. Respondent also closed out or inactivated Mrs. Stanley's file without notifying her; she continued to believe that she was being represented by respondent.

There is ample evidence to support a finding of guilt on these charges.

11. Respondent was found guilty of violating SCR 3.130–1.16(d) which holds that a lawyer shall refund any unearned fees upon the termination of the representation.

Respondent accepted $700 from David Murphey and Sonda Murphey as a fee for services to be rendered in a bankruptcy proceeding. Respondent closed the Murphey's file as well as respondent's practice, without informing the Murpheys that respondent was no longer allowed to practice in the United States Bankruptcy Court for the Eastern District of Kentucky. Respondent also failed to inform the Murpheys that no petition had been filed for them.

Respondent refunded $700 to the Murpheys, but not until two weeks before the hearing before the Board of Governors was scheduled to take place.

There is ample evidence for a finding of guilt on this charge.

Respondent argues that the recommendation of the Board of Governors is excessive due to a list of circumstances over which respondent had no control. Such circumstances include the loss of office managers and staff in several of respondent's offices and respondent's inability to find competent replacement employees who could effectively manage a practice that was growing rapidly. Respondent also requests that his past practice history and reputation in the legal community be considered.

The Court considered the facts as presented by respondent, but there is no way to overcome the obvious, egregious and serious nature of the charges of which respondent has been found guilty. Due to the nature of these findings and the pattern of ethical misconduct they reflect (*KBA v. Frazer*, Ky., 883 S.W.2d 878 (1994); *KBA v. L.M. Tipton Reed*, Ky., 631 S.W.2d 633 (1982)), it is unnecessary to go further with our legal analysis. The evidence overwhelmingly supports the suspension recommended by the Board of Governors of the Kentucky Bar Association.

Pursuant to SCR 3.370(9), this Court adopts the decision and recommendation of the Board of Governors as to all matters

pertaining to the respondent, Robert L. Devers.

THEREFORE IT IS HEREBY ORDERED as follows:

1. That the respondent, Robert L. Devers is hereby suspended from the practice of law in Kentucky for a period of three (3) years. The period of suspension shall commence on the date of entry of this Order and continue until such time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

2. Respondent is directed to pay the costs of this action in the amount of $7,723.22.

3. Pursuant to SCR 3.390, respondent shall, within ten (10) days from the entry of this Order, notify all clients in writing of his inability to represent them and to furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

STEPHENS, C.J., and COOPER, GRAVES, JOHNSTONE, LAMBERT, STUMBO and WINTERSHEIMER, JJ., concur.

ENTERED: December 19, 1996.

/s/ Robert F. Stephens
Chief Justice