**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Jeffrey Allen TAYLOR, Respondent.**

**99–SC–0697–KB.**

Supreme Court of Kentucky.

Nov. 18, 1999.

Bruce K. Davis, Executive Director, Reid Allen Glass, Bar Counsel, Kentucky Bar Association, Frankfort, for Movant.

Jeffrey Allen Taylor, Huntington, WV, for Respondent.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended that Jeffrey A. Taylor, whose last known office address was in Huntington, West Virginia, be suspended from the practice of law in the Commonwealth for 181 days and that he be ordered to pay the costs of this proceeding. Taylor was charged by the Inquiry Commission with two counts of professional misconduct. Count I alleges a violation of SCR 3.130–1.4(a), for failure to keep his client reasonably informed about the status of her case. Count II alleges a violation of SCR 3.130–1.4(b), for failure to explain a matter to the extent reasonably necessary to permit his client to make informed decisions regarding the representation.

The charges against Taylor arise out of a verified complaint filed with the Kentucky Bar Association by a client he represented. After filing a medical negligence action against three defendants on his client's behalf, Taylor signed three separate Agreed Orders of Dismissal, dismissing his client's complaint with prejudice. Later, the client attempted to contact Taylor about the status of her case and only then did she learn that Taylor was no longer employed at the same law firm and that her case had been dismissed.

Taylor admits the violation of SCR 3.130–1.4(a) alleged in Count I by failing to keep his client reasonably informed about the status of her case. He further admits the violation of SCR 3.130–1.4(b) alleged in Count II of the charge in that he agreed to the dismissal of his client's claims against the defendants in the civil action without first explaining his anticipated course of conduct to the extent reasonably necessary to permit her to make an informed decision regarding the representation. Although he did not file a notice of review with this Court, Taylor argued in his brief to the Board of Governors that similar to *Frazer v. KBA*, Ky., 860 S.W.2d 775 (1993), his case also lacks "moral turpitude" or "willful misconduct." As a result, he believes that some lesser degree of discipline, such as public reprimand, is sufficient in his case.

The Board recommended that Taylor be suspended from the practice of law in the Commonwealth of Kentucky for 181 days and that he pay the costs of these proceedings. We agree. The failure by Taylor to obtain his client's consent before dismissing her claims with prejudice in the civil action constitutes moral turpitude and will-

ful misconduct. More important, unlike the respondent in *Frazer, supra,* Taylor has failed to offer any mitigating evidence to explain his conduct. Therefore, the 181 day suspension is appropriate. We adopt the recommendation of the Board of Governors.

It is ORDERED that:

Jeffrey Allen Taylor is suspended from the practice of law in the Commonwealth of Kentucky for 181 days. The period of suspension shall commence on the date of entry of this order.

In accordance with SCR 3.450, Taylor is directed to pay all costs associated with this disciplinary proceeding against him, in the amount of $304.01, and for which execution may issue from this Court upon finality of this opinion and order.

Pursuant to SCR 3.390, Taylor is hereby ordered to provide notice to any clients, if applicable, he currently represents of his inability to provide further legal services, to notify all courts in which he has matters of his pending suspension and to provide the Director of the Kentucky Bar Association with a copy of all such letters simultaneously to their mailing.

All concur, except Graves, J., would order a suspension for more that 181 days.

ENTERED: November 18, 1999.

/s/ Joseph E. Lambert
Chief Justice