William **KLAPHEKE II**, Movant,

v.

**KENTUCKY BAR ASSOCIATION**, Respondent.

**No. 2000–SC–0896–KB.**

Supreme Court of Kentucky.

Nov. 22, 2000.

---

### OPINION AND ORDER

Movant, William Klapheke, II, of Glasgow, Kentucky, was admitted to the practice of law in April 1973. He now moves for the termination of disciplinary proceedings against him and for an order suspending him from the practice of law for a period of three (3) years. The KBA has no objection to the motion.

Movant acknowledges five (5) pending disciplinary matters. In KBA 7343, Movant represented Robert Bierman in a personal injury action. Movant failed to file pleadings and documents in a timely manner causing the statute of limitations to expire on Mr. Bierman's claims for no-fault insurance and workers' compensation benefits, in violation of SCR 3.130–1.3. Movant also falsely advised Mr. Bierman of the status of his case by leading Mr. Bierman to believe that he had taken action on his behalf in the matter, in violation of SCR 3.130–8.3(c). *See also, Bierman v. Klapheke*, Ky., 967 S.W.2d 16 (1998). Mr. Bierman filed a malpractice claim and was subsequently awarded $59,000 in compensatory damages and $50,000 in punitive damages.

In KBA 7363, Movant represented Judy Young in a personal injury action. Movant failed to respond to opposing counsel's motion for a judgment on the pleadings or summary judgment, resulting in a dismissal of Ms. Young's case, in violation of SCR 3.130–1.1 and SCR 3.130–1.3. Thereafter, Movant failed to inform Ms. Young concerning the dismissal of the action and instead led her to believe the case was still proceeding, in violation of SCR 3.130–8.3(c).

In KBA 7506, Movant represented Shirley Wilson on a no-fault claim arising out of an automobile accident. Movant failed to file Ms. Wilson's claim and failed to notify Kentucky Farm Bureau that Ms. Wilson's no-fault insurance coverage should be reserved for lost wages and replacement of services claims, in violation of SCR 3.130–1.3. Movant also falsely advised Ms. Wilson that the claims had been filed, in violation of SCR 3.130–8.3(c). Ms. Wilson filed a malpractice action against Movant and was awarded $3,400 in compensatory damages and $10,000 in punitive damages.

In KBA 7741, Movant represented Rachel Kidd in a divorce action. Movant indicated to Ms. Kidd that he would appeal the trial court's order requiring her to pay $25,814 to her ex-husband. Movant failed to file the necessary pleadings to perfect the appeal, in violation of SCR 3.130–1.3. Moreover, in response to opposing counsel's motions to hold Ms. Kidd in contempt for failure to pay, Movant misrepresented the status of Ms. Kidd's appeal to the trial court on several occasions and later informed the trial court that Ms. Kidd was making arrangements to satisfy the judgments, in violation of SCR 3.130–3.3(a)(1) and SCR 3.130–8.3(c). During this time period, Movant led Ms. Kidd to believe her appeal was proceeding, and failed to inform her of the contempt proceedings which almost resulted in the sale of her home, in violation of SCR 3.130–1.4(a) and (b).

In KBA 7121, Movant was charged with violation of SCR 3.130–1.3 and SCR 3.130–1.4(a) and (b) arising from his representation of Daniel Davis. Movant denies these charges.

Movant requests the termination of the disciplinary proceedings against him and moves this Court for an order suspending him from the practice of law for three (3) years. Movant further agrees that as a condition to any application for reinstatement, he will enter into a contract with the Lawyers Helping Lawyers Committee (LHL) for a period of three years. Movant states he will cooperate with LHL and will waive any confidentiality for purposes of providing progress information to the Character and Fitness Committee.

Therefore, Movant's motion is granted. It is hereby ordered that:

1. Movant, William Klapheke, II, shall be suspended from the practice of law in this Commonwealth for a period of three (3) years, commencing from the date of entry of this Opinion and Order. The suspension shall continue until such time as he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

2. In accordance with SCR 3.450, Movant is directed to pay all costs associated with the disciplinary proceedings against

him, said sum being $4,388.81, and for which execution may issue from this Court upon finality of this Opinion and Order.

3. Pursuant to SCR 3.390, Movant shall within ten (10) days of the entry of this order notify all clients of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. He shall also provide such notification to all courts in which he has matters pending.

4. In accordance with SCR 3.390, Movant shall immediately disburse all funds held for clients and third persons in his escrow account and shall provide proof of said disbursements to the Director of the Kentucky Bar Association.

All concur.

ENTERED: November 22, 2000.

/s/ Joseph E. Lambert
Chief Justice