IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 


WR- 45,219-03




 

 EX PARTE DOMINIQUE JEROME GREEN






HABEAS CORPUS APPLICATION


 FROM HARRIS COUNTY 




Per Curiam. Price and Johnson, JJ., dissent. 



O R D E R



 This is a subsequent application for habeas corpus relief pursuant to Texas Code of Criminal
Procedure, Article 11.071 § 5.

 A Harris County jury convicted applicant of the offense of capital murder, answered the special
issues submitted pursuant to Texas Code of Criminal Procedure, Article 37.071, and the trial court,
accordingly, set punishment at death. This Court first abated the appeal, Green v. State, 906 S.W.2d 937
(Tex.Crim.App. 1995), and then affirmed the conviction and sentence on direct appeal. Green v. State,
936 S.W.2d 92 (Tex.Crim.App. 1996). Applicant filed a post-conviction 





 GREEN -2-

application for writ of habeas corpus in the convicting court. This Court subsequently denied relief. Ex
parte Green, No. 45, 219-01 (Tex.Crim.App. May 31, 2000) (not published).

 Applicant has presented two claims: First, that this Court should vacate the order of the trial court
setting the date of execution due to problems associated with the Houston Police Department Crime Lab
and uncatalogued evidence in the possession of the Houston Police Department; Second, that a juror
considered parole eligibility during deliberations. We have reviewed the claims and find they do not meet
the requirements of Article 11.071 § 5.

 Under his first claim, applicant contends that he could not have discovered the problems with the
Houston Police Department until the summer of 2004 when that department first discovered approximately
280 boxes of evidence. Although that contention may be true, applicant has failed to allege facts that
demonstrate that anything within those boxes of evidence is, or is likely to be, constitutionally material to
his conviction or sentence. For example, applicant does not contend that any evidence introduced at trial 
is now missing or that, at the time of trial, any evidence was missing and could not be offered into evidence.

 With regard to his second claim, applicant has failed to show that this claim could not have been
raised in his initial application.

 Therefore, this application is dismissed as an abuse of the writ.

 IT IS SO ORDERED THIS THE 26TH DAY OF OCTOBER, 2004.

Do Not Publish