TO BE PUBLISHED

# Supreme Court of Kentucky

## 2023-SC-0019-KB

KENTUCKY BAR ASSOCIATION                                                MOVANT


V.                                    IN SUPREME COURT


ASHLEE DEHNAE SMITH                                               RESPONDENT


## OPINION AND ORDER

This matter comes to us from the Board of Governors' Findings of Fact, Conclusions of Law, and Recommendation. Respondent, Ashlee Dehnae Smith, whose Kentucky Bar Association (KBA) member number is 92773, and whose bar roster address is 153 Cobblestone Way, Corbin, Kentucky, 40701, was admitted to the practice of law in the Commonwealth of Kentucky in 2008. For the reasons stated below, this Court adopts the Board's recommendation.

### I.    BACKGROUND

On November 8, 2018, the Board of Governors (the Board) received certification that Smith was non-compliant with her Continuing Legal Education (CLE) requirements for the 2017–2018 year. Prior to that, the KBA's CLE Department had sent at least three notices to Smith's bar roster address, each of which was returned as undeliverable. Smith had been contacted to

update her bar roster address at least six times between October of 2016 and January of 2019. Despite acknowledging receipt of those notices, Smith failed to update her bar roster address.

On November 13, 2018, the Board mailed a Show Cause Notice to Smith regarding her failure to comply with CLE requirements. The Notice was also returned as not deliverable. The Show Cause Notice was then sent to Smith's service address, and it was signed as received by Smith on December 6, 2018. Following her receipt of the Notice, Smith called the CLE Department to find out how to avoid a suspension. The Department told Smith to either cure the deficiency, or respond to the Notice by December 13, 2018. To cure the deficiency, the Department informed Smith that she could either receive a hardship exemption or extension, or receive a CLE non-practice exemption, or send a late reporting of timely earned credits along with a late reporting fee of $50.00. Smith did not respond to the Board's Notice by the deadline.

On January 18, 2019, the Board of Governors issued a Notice of Suspension to Smith for non-compliance with the minimum CLE requirements for the 2017–2018 educational year. Smith filed a Notice of Appeal to the Kentucky Supreme Court on February 4, 2019. On that day, Smith also filed an Emergency Motion for Revocation of Suspension with this Court, along with an affidavit testifying that she failed to submit a Form 3 Certification of Attendance for the Kentucky Law Update (KLU) in Lexington, Kentucky on December 12, 2017. The affidavit stated, "I should have received 6.5 hours of credit for attending the CLE [at the Lexington KLU]. Due to my failure to

submit the required paperwork, I was deficient in satisfying the annual CLE requirement by 5.25 hours." Smith attached a Certificate of Attendance for the KLU dated December 2, 2018 (approximately two months before Smith filed the affidavit to which it was attached).[1]

On February 5, 2019, the day after making the two above filings, Smith submitted an online certification that she attended the 2017 KLU in Lexington. Two days after that, on February 7, 2019, the KBA filed an Objection to Smith's Emergency Motion and Appeal to the Kentucky Supreme Court. Smith filed a Motion for Voluntary Dismissal of her Appeal with this Court on February 20, 2019. In that Motion, Smith did not acknowledge that her previous statements to this Court were incorrect. This Court granted her motion on March 14, 2019 and dismissed the appeal.

After the dismissal, the KBA and Inquiry Commission continued to investigate Smith's claims. On June 18, 2019, upon order from the Inquiry Commission, the KBA issued a subpoena duces tecum to Smith's bank, requesting the details of all transactions occurring on her debit card on December 12, 2017, the date of the KLU. Following the production of that information—which revealed that her debit card had been used around 12:50 PM in Corbin, Kentucky on that date—the Inquiry Commission issued Charges against Smith on or about November 4, 2019.[2]

---

[1] This date appears to reveal at least some misrepresentation, since she did not receive the Notice from the Board until December 6, 2018.

[2] Smith's husband would later testify that he likely had her debit card that day, as he regularly used hers instead of his own. As the Board would later write, "The

3

The four Counts with which she was charged were: first, for violating Supreme Court Rule (SCR) 3.130(3.3)(a)(1) by falsely testifying in an affidavit;[3] second, for violating SCR 3.130(3.3)(a)(3) by knowingly filing a false affidavit and false Certificate of Attendance;[4] third, for violating SCR 3.130(8.4)(c) by fraudulently certifying through the CLE On-Line Portal that she had earned CLE credits, as well as claiming the same to the Kentucky Supreme Court through affidavit and by knowingly signing and submitting a false Certificate of Attendance;[5] and fourth, for violating SCR 3.130(3.4)(c) by failing to maintain a current KBA roster address as required under SCR 3.035.[6] Smith filed an Answer to the Charges on approximately January 9, 2020, denying all allegations of wrongdoing.

A Trial Commissioner was appointed around September 16, 2020. He held a hearing on the Charges on June 15, 2021, and the parties submitted post-hearing memoranda on August 11, 2021. Although the Trial Commissioner was bound by SCR 3.360(2) to deliver a report within thirty days

---

suggestion that [Smith's] husband used [her] debit [card] in Corbin is severely called into doubt by the fact that his own debit card was used a mere three minutes later at a restaurant in Barbourville, which the proof established was at least a fifteen minute drive away from Corbin."

[3] SCR 3.130(3.3)(a)(1) states that an attorney shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer."

[4] SCR 3.130(3.3)(a)(3) states that an attorney shall not knowingly "offer evidence that the lawyer knows to be false."

[5] SCR 3.130(8.4)(c) states that it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

[6] SCR 3.130(c) states that an attorney shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

(or within ninety days, if provided an extension), he failed to file the report until a year later on August 11, 2022. His report found Smith guilty of the first three Counts, and not guilty of the fourth. The Commissioner recommended that Smith be suspended for twenty-four months to run from January 1, 2022, to January 1, 2024. The Commissioner set the dates accordingly to accommodate for the tardiness of his report. He further found that Smith should be required to complete the 6.5 credit hours of CLE that she claimed, but did not obtain, for the 2017–2018 year in addition to the twelve required hours for the next CLE cycle. Finally, the Commissioner recommended a private reprimand.

A week after the Commissioner filed his report, on August 17, 2022, the KBA moved to amend the Trial Commissioner's report. The Commissioner denied the KBA's motion to amend on September 15, 2022. Accordingly, the KBA filed a Notice of Appeal to the Board of Governors on October 10, 2022. The Board heard oral arguments on the matter on November 18, 2022.

The Board, upon a de novo review of Smith's case, unanimously found Smith guilty of all four Counts. Like the Commissioner, the Board found by a preponderance of evidence that Smith had violated SCR 3.130(3.3)(a)(1) by falsely testifying in an affidavit; SCR 3.130(3.3)(a)(3) by knowingly filing a false affidavit and false Certificate of Attendance; and SCR 3.130(8.4)(c) by fraudulently certifying through the CLE On-Line Portal that she had earned CLE credits, as well as claiming the same to the Kentucky Supreme Court through affidavit and by knowingly signing and submitting a false Certificate of Attendance. The Board wrote,

5

[T]he preponderance of the evidence establishes that the Respondent did not attend the Kentucky Law Update program on December 12, 2017 and that her statement under oath to the Supreme Court that she did so was false. It is inconceivable that no other person who attended the Kentucky Law Update program could provide any proof of same. We have no pre-registration for the program; no proof of onsite registration for the program; no proof of attendance by offering written materials received at the program; no parking receipt or other expense receipts; and no supporting proof from even a single person who saw the Respondent at the program.

The Board also concluded that Smith violated SCR 3.130(3.4)(c) by failing to maintain a current KBA roster address, contrary to the conclusion of the Commissioner. Smith had been sent multiple warnings related to her roster address's maintenance, and she failed to act in accordance with those notices. Her failure to comply with SCR 3.130(3.4)(c) was therefore clear.

For these violations, the Board recommends that this Court suspend Smith for three years to run from November 4, 2019 to November 4, 2022. The Board also recommends that Smith be "required to complete the 6.5 hours of CLE at issue in this case which were not earned and that she become and remain current on her CLE and dues requirements before being restored to active law practice." Finally, the Board acknowledges that the Commissioner erred as a matter of law by failing to impose costs upon Smith after finding her in violation of the Rules of Professional Conduct. Pursuant to SCR 3.450, Smith is required to pay the costs of these proceedings, which total $2,176.76.

## II.  ANALYSIS

The Board's recommendation was submitted to this Court on January 11, 2023. This Court has the authority to review the Board's decision. *See* SCR

6

3.380(9) ("If no notice of review is filed by either party, the Court may notify Bar Counsel and Respondent that it will review the decision."). However, under SCR 3.370(10), "If no notice of review is filed by either of the parties, or the Court," then "the Court shall enter an order adopting the decision of the Board . . . relating to all matters." No notice of review has been filed by either party.

This Court has, in the past, suspended attorneys for three years for multiple violations of SCR 3.130(3.3)(a) alongside other Counts of unprofessional conduct. For example, in *Kentucky Bar Association v. Devers*, 936 S.W.2d 89 (Ky. 1996), this Court suspended Devers for three years for knowingly making a false statement of material fact to a tribunal, as well as failing to appear on behalf of clients and to communicate with clients.[7]

A retroactive suspension is also not without precedent. In *Lawrence v. Kentucky Bar Association*, 533 S.W.3d 686 (Ky. 2017), this Court imposed a five-year suspension retroactive to the date of an initial temporary suspension. The Order, dated December 14, 2017, stated that Lawrence's suspension of five years was "to be applied retroactively to July 6, 2012." *Id.* at 687. Thus, when the Order was entered, Lawrence's suspension had already elapsed.

---

[7] *See also Klapheke v. Kentucky Bar Ass'n*, 31 S.W.3d 895 (Ky. 2000) (suspending Klapheke for three years pursuant to five disciplinary matters, including violations of SCR 1.130(3.3)). Likewise, in *Kentucky Bar Association v. Gardiner*, 644 S.W.3d 510 (Ky. 2022), this Court adopted reciprocal discipline of a three-year suspension with four months to serve pursuant to a Tennessee Supreme Court Order enforcing the same. *Id.* at 511. Gardiner, herself and through her paralegal, falsely testified within and backdated documents submitted to a trial court. *Id.* In adopting reciprocal discipline, we noted that Kentucky's rules of professional conduct regarding dishonesty to the tribunal were substantially similar to Tennessee's rules. *Id.* at 512. Accordingly, we held that Gardiner's violations warranted the three-year suspension.

Smith has been suspended since January 18, 2019, the date on which the Board entered her Notice of Suspension. The Board now recommends, as referenced, a three-year suspension to run from November 4, 2019. Based on this Court's precedent, including our holdings in *Devers* and *Lawrence*, the Board's recommendation is appropriate. In light of the circumstances surrounding this case, this Court adopts the Board's recommended discipline pursuant to SCR 3.370(10).

### III.  CONCLUSION

The Board of Governors' recommendation is supported by the record. No party has made any subsequent filing to this Court following the Board's submission. The Board concluded that Smith's violations warranted a three-year suspension, retroactive to November 4, 2019, as well as the requirement that Smith complete her required CLE credits in addition to the 6.5 credits that she did not actually obtain. This Court adopts the Board's findings of fact, conclusions of law, and recommendations pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Respondent, Ashlee Dehnae Smith, is found guilty of violating one Count of SCR 1.130(1.3)(a)(1), one Count of SCR 1.130(1.3)(a)(3), one Count of SCR 1.130(8.4)(c), and one Count of SCR 1.130(3.4)(c).

(2) Smith is hereby suspended from the practice of law for three years, retroactively applied to run from November 4, 2019 to November 4, 2022.

(3) Smith is ordered to complete the 6.5 hours of Continuing Legal Education (CLE) credits at issue in the above-styled case which were not

earned. She is further ordered to become and remain current on her CLE and dues requirements before seeking reinstatement.

(4) Because Smith's suspension exceeds 180 days, Smith must fulfill all relevant requirements under SCR 3.502 for reinstatement.

(5) Pursuant to SCR 3.390, Smith, if she has not already done so, shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of her inability to represent them, and notify all courts in which she has matters pending of her suspension from the practice of law, and furnish copies of said letters of Notice to the Office of Bar Counsel.

(6) Pursuant to SCR 3.390, Smith shall, to the extent possible, immediately cancel and cease any advertising activities in which she is engaged.

(7) During the time of her suspension, Smith shall not accept new clients or collect unearned fees.

(8) In accordance with SCR 3.450, Smith shall pay the costs of this action in the amount of $2,176.76, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: April 27, 2023.

CHIEF JUSTICE VANMETER

9