**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Jeffrey Lee WADE, Respondent.**

**No. 2003–SC–0289–KB.**

Supreme Court of Kentucky.

Aug. 21, 2003.

## OPINION AND ORDER

The Kentucky Bar Association brought this action against Respondent, Jeffrey L. Wade, for a number of alleged violations of the Supreme Court Rules of Professional Conduct involving three separate cases against him. Respondent tendered no response, and the KBA Board of Governors found him guilty of the charged misconduct. Pursuant to SCR 3.370(10), which governs default cases, this Court hereby adopts the decision of the Board of Governors.

Wade was admitted to the practice of law on October 25, 1982. His bar roster address is 623 West Main Street, Louisville, Kentucky 40202. The facts and charges of the three cases are as follows:

### KBA File No. 9094

#### I. Facts

In April of 2001, an agent of Siddle's Directional Drilling, Inc., retained Wade to collect a delinquent account of over $23,000.00. Wade was paid a $1,750.00 retainer to be billed against an hourly rate of $175.00. On May 9, 2001, Siddle and Wade signed an employment agreement, entitled "Hourly Fee Contract." Total charges of $315.00, which included $52.00 for preparing the fee agreement, were billed against the retainer and paid between April 26 and May 13.

Following the execution of the fee contract, Siddle was unable to obtain any information regarding the status of the collection case and, therefore, terminated its attorney-client relationship with Wade on September 12, 2001. But Wade failed to return the unused portion of the retainer despite five separate written demands by Siddle. As of December 27, 2002, Wade had not remitted any portion of the retainer to Siddle. Further, nothing in the record indicates that Wade did any work on the case after May 9, 2001, or provided Siddle with an accounting of his services.

#### II. Charges

Based on the above facts, four counts of professional misconduct were made against Wade:

Count I alleged that Wade violated SCR 3.130(1.3) by failing to act with reasonable diligence and promptness in the representation of a client;

Count II alleged that Wade violated SCR 3.130(1.4) by failing to keep his client reasonably informed about the status of client's case;

Count III alleged that Wade violated SCR 3.130 (1.15)(b) by failing to refund the unused portion of the retainer upon his client's demand for its return; and

Count IV alleged that Wade violated SCR 3.130 (1.16)(d) by failing to protect his client's interests upon termination of employment.

### KBA File No. 9194

#### I. Facts

On May 18, 2001, Jim Rich retained Wade to assist in the probate of his mother's will. Rich paid the filing fees and a $500.00 retainer to Wade. Wade and Rich appeared in Jefferson District Court, Probate Division, to obtain Rich's appointment as executor. At the time, Wade informed Rich that there would be a November court date that Wade would attend alone. Before the November court date, Rich

tried but was unable to contact Wade to find out if he needed to do anything in preparation for the November court appearance.

Wade failed to appear before the court in November. Consequently, the court issued a show cause order, which was served upon Rich. A new court date was scheduled for January of 2002. This time, Rich was able to contact Wade prior to the scheduled court date, though not without difficulty. Wade suggested that they meet at Rich's house before the court appearance in order to sign some paperwork. Rich agreed, but Wade did not show at either Rich's house or before the district court. Assuming that his presence was not necessary, Rich did not appear before the district court either. This failure to appear resulted in Rich's removal as executor of his mother's estate and the appointment of a public administrator in his place. While Rich was able to have the order of his removal set aside, it cost him $75.00 in court fees.

Following his reinstatement as executor, Rich notified Wade that he was terminating their attorney-client relationship. Further, he requested that Wade reimburse him the $75.00 he spent in fees, refund the $500.00 retainer, and return all file documents to him. This Wade promised, but did not do. Eventually, Rich brought suit against Wade in small claims court.

Wade did not appear at the hearing in small claims court on Rich's suit against him, and Rich was awarded a judgment against Wade for the full amount of damages claimed and proved. After much effort, Rich collected the judgment from Wade several months later.

## II. Charges

Based on the above facts, five counts of professional misconduct were made against Wade:

Count I alleged that Wade violated SCR 3.130(1.3) by failing to act with reasonable diligence and promptness in the representation of a client;

Count II alleged that Wade violated SCR 3.130(1.4) by failing to keep his client reasonably informed about the status of client's case;

Count III alleged that Wade violated SCR 3.130 (1.15)(b) by failing to refund the unused portion of the retainer upon his client's demand for its return;

Count IV alleged that Wade violated SCR 3.130 (1.16)(d) by failing to protect his client's interests upon termination of employment; and

Count V alleged that Wade violated SCR 3.130(8.3)(c) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

### KBA File No. 9207

## I. Facts

On July 27, 2001, Rhonda Griffin hired Wade to investigate whether she had a viable claim of undue influence in connection with her uncle's will, which left a sizeable portion of the estate to her uncle's caregivers. At the time, Wade was paid a non-refundable fee of $1,500.00 for the agreed upon services, which included a trip to Hardin County to inspect the probate file and a report on the investigation to be delivered within two weeks. The report was never sent.

Griffin tried numerous times and methods to contact Wade about the results of his investigation. In September, Wade left Griffin a telephone message informing her that he had not yet looked at the probate file but would do so the very next

day. Predictably, he did not look at the file.

On December 17, Griffin wrote Wade and told him to refund the fee if he was not going to do the agreed work. Wade failed to respond to this letter.

## II. Charges

Based on the above facts, three counts of professional misconduct were made against Wade:

Count I alleged that Wade violated SCR 3.130(1.3) by failing to act with reasonable diligence and promptness in the representation of a client;

Count II alleged that Wade violated SCR 3.130(1.4) by failing to keep his client reasonably informed about the status of client's case; and

Count III alleged that Wade violated SCR 3.130(1.5) by charging an unreasonable fee.

### The Board of Governors

After the conclusion of hearing all of the evidence against Wade, the Board of Governors of the Kentucky Bar Association found Wade guilty of all charges and counts by a unanimous vote of 21 to 0. In light of this finding and Wade's prior disciplinary sanctions of a private admonishment for similar conduct on September 25, 1990, the Board recommended a two-year suspension with the added condition that, before applying for reinstatement, Wade must first refund to his former clients the full amount of the fees they paid to him. The vote on the issue of punishment was 20 to 1, with the lone dissenting Governor voting for a three-year suspension.

Upon the foregoing facts and charges, it is hereby ordered that the decision of the Board of Governors be adopted. It is further ordered that:

1. Respondent, Jeffrey L. Wade, be suspended from the practice of law for two years for his professional misconduct. The suspension shall continue until he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510;

2. Further, Respondent shall not be permitted to apply for reinstatement until he has fully refunded the fees as outlined in this Opinion and Order;

3. Respondent is directed to pay the costs of this action in accordance with SCR 3.450, said sum being $398.77, and for which execution may issue from this Court upon finality of this Opinion and Order.

4. In accordance with SCR 3.390, Respondent shall within ten (10) days of the entry of this Opinion and Order notify all his clients of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. He shall also provide such notification to all courts in which he has matters pending.

All concur.

Entered: August 21, 2003.

/s/ Joseph E. Lambert
Chief Justice