KENTUCKY BAR ASSOCIATION, Complainant,

v.

Jeffrey Lee WADE, Respondent,

No. 2005–SC–0549–KB.

Supreme Court of Kentucky.

Sept. 22, 2005.

## OPINION AND ORDER

Respondent, Jeffrey Lee Wade, whose last known bar roster address was 730 West Main Street, Louisville, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky on October 25, 1982. On August 21, 2003, Wade was suspended from the practice of law for two (2) years by this Court. *Kentucky Bar Association v. Wade*, 112 S.W.3d 388 (Ky. 2003). The Kentucky Bar Association has brought this action against Wade for a number of violations of the Supreme Court Rules of Professional Conduct constituting seven separate cases against him. Wade failed to tender a response and the matters proceeded as default cases. Pursuant to SCR 3.370(10), which governs default cases, this Court hereby adopts the decision of the Board of Governors.

### File No. 10211

In 2000, Bruce Stansbury hired Wade to represent him in a custody and support matter regarding Stansbury's disabled daughter, Stacey. Stansbury paid Wade $2,800. From mid–2000 until October 2002, Stansbury received few updates on his case and could not contact Wade. At an October 2002 hearing in family court, both parties were ordered to file briefs. Wade failed to do so and the family court judge entered a judgment awarding continued custody to Stacey's mother. Wade further failed to notify Stansbury of the judgment. In January 2003, Stansbury filed a complaint with the KBA. Wade was personally served with the complaint on March 6, 2003, but failed to file a response.

On September 8, 2003, the Inquiry Commission charged Wade with violations of: SCR 3.130–1.3, for failing to act with reasonable diligence and promptness in representing his client; SCR 3.130–1.4(a), for failing to keep his client reasonably informed about the status of his case and promptly complying with a request for information; SCR 3.130–1.16(d), for failing to take reasonably practical steps to protect his client's interests; SCR 3.130–1.15(b), for failing to render full and complete accounting for the monies that Stansbury paid to him; and SCR 3.130–8.1(b), for failing to respond to the complaint.

The five-count charge was served upon Wade through the Secretary of State on October 29, 2003. Wade did not respond and the matter was submitted to the Board of Governors as a default case pursuant to SCR 3.210(1).

### File No. 10617

Robert Farris hired Wade in September 2002 to represent him with respect to recovery of will assets and a possible will contest action. Farris paid Wade $1,200 and signed a contract that provided Wade would receive one-third of all assets recovered. Apparently, Wade advised Farris he would be unable to take any action until the first part of 2003 due to other court deadlines. Between February and April 2003, Farris made repeated unsuccessful attempts to contact Wade. Farris filed a

bar complaint on May 27, 2003. Wade was served through the Secretary of State and did not file a response.

On October 31, 2003, the Inquiry Commission charged Wade with violations of: SCR 3.130–1.3, for failing to act with appropriate diligence and promptness; SCR 3.130–1.4(a), for failing to keep his client reasonably informed about the status of his case; SCR 3.130–1.16(d), for failing upon termination of representation to return the unearned portion of his fee; SCR 3.130–1.15(b), for failing to provide his client with an accounting of the fee earned; and SCR 3.130–8.1(b), for failing to respond to the complaint.

The five-count charge was served upon Wade through the Secretary of State on December 17, 2003. Wade did not respond and the matter was submitted to the Board of Governors as a default case pursuant to SCR 3.210(1).

### File No. 10794

In mid–2000, Russell Hinkle hired Wade regarding a marital dispute and possible estate planning. It is unclear whether any retainer was paid. Hinkle claimed that from June 2002 until July 2003, Wade did nothing to advance his case. In July 2003, Hinkle e-mailed Wade and advised him he no longer needed his services. Attached to Hinkle's complaint was a lengthy e-mail from Wade discussing a number of marital property issues; however, there is no indication that any matter was pending in court. Hinkle's complaint was served upon Wade through the Secretary of State on March 26, 2004. Wade did not respond.

On October 13, 2004, the Inquiry Commission charged Wade with violations of: SCR 3.130–1.1, for failing to provide competent representation; SCR 3.130–1.3, for failing to act with appropriate diligence and promptness; SCR 3.130–1.4(a), for failing to keep his client reasonably in-

formed about the status of his case; SCR 3.130–1.16(d), for abandoning representation of his client without notice to the client; and SCR 3.130–8.1(b), for failing to respond to the complaint.

The five-count charge was served upon Wade through the Secretary of State on March 3, 2005. Wade did not respond and the matter was submitted to the Board of Governors as a default case pursuant to SCR 3.210(1).

### File No. 11109

In June 2001, Heather Wheeler hired Wade to assist her in the administration of her father's estate. Wheeler paid Wade $600. Because Wade failed to file periodic reports or a final settlement, Wheeler was twice removed as administratrix of the estate. Wheeler was repeatedly unable to contact Wade regarding various estate matters. After Wade failed to handle several matters, Wheeler filed a complaint with the KBA. Wade was served through the Secretary of State on December 16, 2003, and did not respond.

On October 13, 2004, the Inquiry Commission charged Wade with violations of SCR 3.130–1.1, for failing to provide competent representation; SCR 3.130–1.3, for failing to act with appropriate diligence and promptness; SCR 3.130–1.4(a), for failing to keep his client reasonably informed about the status of her case; SCR 3.130–1.16(d), for failing upon termination of representation to provide his client with documents belonging to her; and SCR 3.130–8.1(b), for failing to respond to the complaint.

The five-count charge was served upon Wade through the Secretary of State on March 3, 2005. Wade did not respond and the matter was submitted to the Board of Governors as a default case pursuant to SCR 3.210(1).

### File No. 11159

Wade prepared the will of Ruby Pearly Tilley, who died on November 5, 2002. Herbert Pollick, who was named executor in the will, contacted Wade in November 2002 to probate the will. Pollick paid Wade $200. Other than one letter from Wade in April 2003, neither Pollick nor his wife was able to contact Wade about probating the will. In October 2003, Pollick contacted the KBA and learned that Wade was suspended from the practice of law. Pollick filed a complaint on October 12, 2003. Wade was served through the Secretary of State on December 16, 2003, and did not respond.

On October 13, 2004, the Inquiry Commission charged Wade with violations of SCR 3.130–1.1, for failing to provide competent representation; SCR 3.130–1.3, for failing to act with appropriate diligence and promptness; SCR 3.130–1.4(a), for failing to keep his client reasonably informed about the status of his case; and SCR 3.130–8.1(b), for failing to respond to the complaint.

The four-count charge was served upon Wade through the Secretary of State on March 3, 2005. Wade did not respond and the matter was submitted to the Board of Governors as a default case pursuant to SCR 3.210(1).

### File No. 11387

On December 11, 2002, Verlie Cato hired Wade to obtain a title to real estate situated in Meade County claimed by Cato and her relations. Cato paid Wade $2,500. Cato had no contact with Wade until she received a letter in September 2003, advising her of his suspension. Cato filed a bar complaint on January 17, 2004. Wade was served through the Secretary of State on March 11, 2004, and did not respond.

On October 13, 2004, the Inquiry Commission charged Wade with violations of SCR 3.130–1.3, for failing to act with appropriate diligence and promptness; SCR 3.130–1.4(a), for failing to keep his client reasonably informed about the status of her case; SCR 3.130–1.16(d), for failing upon termination of representation to return the unearned portion of his fee; SCR 3.130–8.3(a)(b)(c), for collecting a fee from his client but failing to provide representation and retaining those funds for personal use; and SCR 3.130–8.1(b), for failing to respond to the complaint.

The five-count charge was served upon Wade through the Secretary of State on March 3, 2005. Wade did not respond and the matter was submitted to the Board of Governors as a default case pursuant to SCR 3.210(1).

### File No. 11388

On January 31, 2002, Rosanne DiCioccio hired Wade to represent her in a divorce action and a medical malpractice claim. Wade agreed to accept the divorce action at an hourly rate of $175 and the medical negligence case on a contingent basis. DiCioccio informed Wade that she did not want the malpractice claim to go to trial and that she wished to have it settled as quickly as possible. Nonetheless, Wade refused to depose witnesses or demand a settlement offer. When the case was about to be dismissed, Wade had the matter reinstated despite DiCioccio's instructions to allow the matter to be dismissed. After repeated requests to have the case dismissed, DiCioccio contacted the KBA and learned that Wade was suspended. Thereafter, DiCioccio wrote Wade demanding that he refund the $1,400 that she had paid him. Wade responded that he had billed time valued at $1,015. DiCioccio filed a complaint with the KBA on January 21, 2004. Wade was served

through the Secretary of State on March 11, 2004, but did not respond.

On October 13, 2004, the Inquiry Commission charged Wade with violations of SCR 3.130–1.1, for failing to provide competent representation; SCR 3.130–1.2(a), for failing to abide by his client's reasonable directions; SCR 3.130–1.4(a), for failing to keep his client reasonably informed about the status of her case; SCR 3.130–1.5, for collecting a fee and then failing to provide the agreed upon legal services; SCR 3.130–1.16(d), for abandoning representation of his client without notice and failing to return the unearned portion of his fee; SCR 3.130–8.3, for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation by failing to return the unearned portion of the fee; and SCR 3.130–8.1(b), for failing to respond to the complaint.

The seven-count charge was served upon Wade through the Secretary of State on March 3, 2005. Wade did not respond and the matter was submitted to the Board of Governors as a default case pursuant to SCR 3.210(1).

### Board of Governors

■ All nineteen members of the Board of Governors present and voting found guilt with respect to all charges contained in KBA File Nos. 10211, 11387, 11109, 10617, and 11388. As to the Charge in File No. 11159, eighteen members found Wade not guilty as to Counts I,II, and III, but guilty on Count IV. The Board noted that it appeared from the scant record that Wade did perform some work for which the fee was paid, *i.e.* probate of the Tilley will.

With respect to the Charge in KBA File No. 10794, all nineteen Board members found Wade not guilty of Counts I,II, and III, but guilty of Count IV. The Board concluded that even though Wade did not respond to the charges, the Board could not find guilt when it was unclear from the record whether Hinkle had actually retained Wade, whether any fees had been paid, and what the precise nature of the work was that he had been asked to do.

■ With respect to discipline, two members voted for permanent disbarment and seventeen voted for a five year suspension to run concurrent with all current suspensions, as well as restitution in File Nos. 10211, 10617, 11109, 11387, and 11388.

Accordingly, upon the foregoing facts and charges, it is hereby ordered that the decision of the Board of Governors be adopted. It is further ordered that:

(1) Respondent, Jeffery Lee Wade, be suspended from the practice of law for a period of five (5) years, commencing upon the entry of this Opinion and Order, to run concurrent with any and all suspensions currently imposed. The suspension shall continue until he is reinstated to the practice of law by order of this Court pursuant to SCR 3.510.

(2) Wade shall not be permitted to apply for reinstatement until he has fully refunded the fees as outlined in this Opinion and Order.

(3) In accordance with SCR 3.390, Wade shall, within ten (10) days of the entry of this Opinion and Order, notify all clients of his inability to represent them and furnish copies of said letters of notice to the Director of the Kentucky Bar Association. He shall also provide such notification to all courts in which he has matters pending.

(4) Wade is directed to pay the costs of this action in accordance with SCR 3.450, said sum being $1,120.06, and for which execution may issue from this Court upon finality of this Opinion and Order.

LAMBERT, C.J.; COOPER, JOHNSTONE, ROACH, SCOTT, and WINTERSHEIMER, JJ., concur.

GRAVES, J., would take review and vote to disbar Respondent.

Entered: September 22, 2005.

/s/ Joseph E. Lambert
CHIEF JUSTICE