**KENTUCKY BAR ASSOCIATION,**
**Movant,**

**v.**

**Darren Burton ELLIS, Respondent.**

**No. 2009–SC–000708–KB.**

Supreme Court of Kentucky.

Jan. 21, 2010.

## OPINION AND ORDER

The Kentucky Bar Association (KBA) requests this Court enter an Order suspending Darren Burton Ellis for ninety (90) days in each of the two file numbers currently before us, to run concurrently, and that we order him to reimburse two former clients, Mr. Shirley and Ms. Green, in the amounts of $400.00 and $240.00 respectively. Pursuant to SCR 3.210, these matters were treated as default cases. Mr. Ellis, who was suspended as of January 31, 2008 for failure to pay bar dues and meet his CLE requirements, was admitted to the practice of law in this Commonwealth by Order entered October 18, 1996, and his bar roster address is 9909 East Avenue, Louisville, Kentucky 40272. His KBA Member Number is 86419.

### File No. 15392

On May 12, 2009, the KBA Inquiry Commission issued a charge against Mr. Ellis arising out of attorney fees he charged Mr. Shirley in the amount of $400.00. In December of 2006, the Jefferson Circuit Family Court appointed Mr. Ellis to represent Mr. Shirley as a parent's attorney. As such, he was entitled to payment from the Commonwealth rather than from Mr. Shirley. Nevertheless, Mr. Ellis charged, and received from, Mr. Shirley $400.00 in violation of SCR 3.130–8.3(c) which states that for a lawyer to "[e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation" is professional misconduct.[1]

While Mr. Ellis filed a response to the complaint in this matter on April 10, 2008, he failed to file an answer to the one-count charge issued against him on May 12,

---

1. Under the recent amendments, effective July 15, 2009, this language is found in SRC 3.130–8.4(c). However, since all of Mr. Ellis' conduct giving rise to this order occurred prior to the effective date of the amendments, the pre-amendment rules will be referenced herein.

2009. Mr. Ellis was served by the Jefferson County Sheriffs Office on July 2, 2009, his counsel was sent a copy of the charge, and both he and his counsel were sent warning letters on July 24, 2009 (neither of which were returned by the U.S. Postal Service). The order of submission was entered on August 18, 2009. Mr. Ellis failed to make any attempts at filing an answer to the charge, either through counsel or *pro se,* until September 15, 2009 when he filed a verified motion for leave to file a late answer. This motion was rejected by the Board by a vote of 14–4, and this case proceeded as a default pursuant to SCR 3.210.

### File No. 17451

On May 21, 2009, the KBA Inquiry Commission issued a five-count charge against Mr. Ellis stemming from his actions (and lack thereof) during the representation of Ms. Green. Ms. Green paid Mr. Ellis $240.00 on June 7, 2007 to represent her in a divorce. He failed to diligently proceed with her divorce matter and she had difficulties contacting him—finally losing contact altogether. Despite the fact that he failed to file her divorce petition and did not return her calls on the matter, Mr. Ellis returned no portion of the $240.00 fee she had paid him.

A copy of the complaint Ms. Green filed with the KBA was sent by certified mail to Mr. Ellis, but was returned as undelivered. Service on Mr. Ellis was completed on March 25, 2009 by service on the Executive Director. Unlike the previous complaint (File No. 15392), neither Mr. Ellis nor his counsel filed a response, even though a letter was sent to his counsel on April 24, 2009 affording him another chance to do so. The inquiry Commission issued the five-count charge on May 21, 2009 and Mr. Ellis was served on July 2, 2009 by the Jefferson County Sheriff's Office. Just as was the case with the previous file, neither Mr. Ellis nor his counsel filed an answer in spite of being sent a warning letter on July 24, 2009. The order of submission was entered on August 18, 2009. On September 15, 2009 Mr. Ellis filed a verified motion for leave to file a late answer. This motion was rejected by the Board by a vote of 14–4, and this case proceeded as a default pursuant to SCR 3.210.

In count one, Mr. Ellis was charged with a violation of SCR 3.130–1.3, which requires a lawyer to "act with reasonable diligence and promptness in representing a client," for his failure to proceed with Ms. Green's divorce matter. For failing to keep Ms. Green reasonably informed about the status of her divorce matter and to promptly comply with her reasonable requests for information, count two charged him with violating SCR 3.130–1.4(a) which states: "A lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." Count three charged that Mr. Ellis violated SCR 3.130–1.16(d)—which requires a lawyer to take all reasonably practicable steps in the protection of the interests of their client upon termination of representation—by failing to give Ms. Green notice of his *de facto* termination of the representation and by failing to surrender any papers or property to which she was entitled. Count four charged that Mr. Ellis violated 3.130–8.1(b) ("[a] lawyer ... in connection with a disciplinary matter, shall not ... knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority") when he failed to respond to the Bar Complaint in this matter. Finally, he was charged with a violation of SCR 3.130–8.3(c) for engaging "in conduct involving dishonesty, fraud, deceit, or misrepresentation" when he led Ms. Green to believe that he was working on her divorce

action when he was not and for failing to return to her any unearned fees.

The Board of Governors found Mr. Ellis guilty of violating SCR 3.130–8.3(c) in KBA File Number 15392 and of all five charges in KBA File Number 17415. The Board considered Mr. Ellis' prior discipline and ultimately recommended that he be found guilty of all six counts for which he is charged, be suspended for ninety (90) days from the practice of law in each case to run concurrently, and be required to reimburse $400.00 to Mr. Shirley and $240.00 to Ms. Green.

Mr. Ellis failed to file a timely answer to the charges, resulting in both cases being classified as default cases. The Board of Governors came to a unanimous decision on all charges with the exception of one, on which they found Mr. Ellis guilty by a vote of 17–1. Neither party filed notice, pursuant to SCR 3.370(8), for this Court to review the Board's decision, nor do we elect to review the decision of the Board pursuant to SCR 3.370(9). Therefore, we adopt the decision of the Board pursuant to SCR 3.370(10).

ACCORDINGLY, the Court ORDERS:

1) Respondent, Darren Burton Ellis, KBA File Number 15392, is adjudged guilty and hereby is suspended from the practice of law for ninety (90) days from the date of this Opinion and Order;

2) Respondent, KBA File Number 17415, is adjudged guilty on all counts and hereby is suspended from the practice of law for ninety (90) days from the date of this Opinion and Order to run concurrently with the ninety (90) day suspension in KBA File Number 15392;

3) Pursuant to SCR 3.390, Respondent shall notify all courts in which he has matters pending of his suspension from the practice of law, and notify all clients in writing of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within ten (10) days of the date of this order. Respondent shall simultaneously provide a copy of all such letters to the Kentucky Bar Association. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which he is engaged.

4) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings in the amount of $512.50, for which execution may issue from this Court upon finality of this Opinion and Order;

5) If he has not already done so, Respondent shall immediately refund $400.00 to Mr. Fuston Shirley and $240.00 to Ms. Shalonda Green (plus interest at the legal interest rate stated in KRS 360.010, calculated from the date the bar complaint was filed);

6) If Respondent fails to comply with any of the terms of discipline as set forth herein, upon motion of the Office of Bar Counsel, the Court may impose other discipline in this matter.

All sitting. All concur.

ENTERED: January 21, 2010.

/s/ John D. Minton, Jr.
   Chief Justice