**KENTUCKY BAR ASSOCIATION,**
**Movant,**

v.

**Darren Burton ELLIS, Respondent.**

**No. 2012–SC–000053–KB.**

Supreme Court of Kentucky.

May 24, 2012.

## *OPINION AND ORDER*

The trial commissioner recommends the Court suspend Darren Burton Ellis for thirty-seven months for his misconduct addressed in six disciplinary files and that the Court run the suspension concurrently with a ninety-day suspension Ellis previously received in 2010. Ellis, whose Kentucky Bar Association (KBA) Member Number is 86419 and whose last known Bar address is 9909 East Avenue, Louisville, Ky. 40272, was admitted to the practice of law in this Commonwealth on October 18, 1996.

Neither party having filed a notice of appeal, this case comes to the Court pursuant to Supreme Court Rule (SCR) 3.360(4).[1] Finding the trial commissioner's report and recommendation to be supported by the record and the law, this Court declines to review the decision [2] and adopts the trial commissioner's recommendation.[3]

### KBA File 16013

In June 2007, Ellis accepted a $300.00 retainer from Sherry Stankowski to investigate a potential property claim but he never pursued the investigation and failed to adequately respond to inquiries from Stankowski and her father. Stankowski initiated suit against Ellis in small claims court and the matter settled for $382.25.

Ellis stipulates he violated SCR 3.130(1.3) (failing to diligently represent) and SCR 3.130(1.4)(a) (failing to inform).

### KBA File 16056

In the spring of 2007, Ellis accepted $500.00 from Ronald Thompson to represent Thompson in a civil matter but Ellis did not diligently pursue the case, did not keep Thompson reasonably informed and did not return Thompson's materials.

Ellis stipulates he violated SCR 3.130(1.3) (failing to diligently represent), SCR 3.130(1.4)(a) (failing to inform) and SCR 3.130(1.16)(d) (failing to return file).

1. SCR 3.360(4) provides in pertinent part that, within thirty days after the Trial Commissioner files his or her report with the Disciplinary Clerk, "either party may file a notice of appeal with the Disciplinary Clerk. If no notice of appeal is timely filed, the entire record shall be forwarded to the Court for entry of a final order pursuant to SCR 3.370(10)." The referenced SCR 3.370(10) was renumbered to SCR 3.370(9).

2. SCR 3.370(8) provides in pertinent part, "If no notice of review is filed by either party, the Court may notify Bar Counsel and Respondent that it will review the decision."

3. SCR 3.370(9) provides, "If no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

## KBA File 16154

In 2005, Ellis agreed to represent Susan Arter in a probate matter but Ellis did not diligently pursue the matter, did not keep Arter reasonably informed and did not return her materials.

Ellis stipulates he violated SCR 3.130(1.3) (failing to diligently represent), SCR 3.130(1.4)(a) (failing to inform) and SCR 3.130(1.16)(d) (failing to return file).

## KBA File 16249

In 2007, Ellis agreed to represent Margaret Durham in a bankruptcy matter but he failed to file the petition, failed to keep Durham reasonably informed and failed to return her file.

Ellis stipulates he violated SCR 3.130(1.3) (failing to diligently represent), SCR 3.130(1.4)(a) (failing to inform) and SCR 3.130(1.16)(d) (failing to return file).

## KBA File 16562

In 2004, Ellis filed a civil suit on behalf of Mary Hand regarding her personal injury claim but did not diligently pursue the case or keep Hand adequately informed. The court dismissed Hand's case on January 25, 2007, but Ellis misled Hand to believe the case was ongoing through May 2008. He also refused to return her file upon requests by both her and the KBA.

Ellis stipulates he violated SCR 3.130(1.3) (failing to diligently represent), SCR 3.130(1.4)(a) (failing to inform), SCR 3.130(1.16)(d) (failing to return file), SCR 3.130(8.3)(c) [4] (engaging in dishonest conduct) and SCR 3.130(8.1)(b) (failing to respond in disciplinary matter).

## KBA File 16973

In late 2003, Ellis agreed to assist Craig Marguardo in setting aside a default judgment entered against Marguardo but Ellis failed to adequately proceed in the case, did not keep Marguardo informed and did not return Marguardo's file.

Ellis stipulates he violated SCR 3.130(1.3) (failing to diligently represent), SCR 3.130(1.4)(a) (failing to inform) and SCR 3.130(1.16)(d) (failing to return file).

## Prior Discipline

On January 31, 2008, Ellis was suspended for failing to pay his Bar dues for the 2007–2008 calendar year and for failing to complete his Continuing Legal Education (CLE) requirements for the 2006–2007 educational year. He has been suspended since this time.

On March 23, 2009, the KBA privately admonished Ellis for failing to properly represent a client after agreeing to do so and accepting a fee. When confronted by the client, Ellis filed the preliminary documents in the case and returned a portion of the fee. On April 6, 2009, the KBA privately admonished Ellis for failing respond in a separate disciplinary matter.

On January 21, 2010, Ellis received two ninety-day suspensions, ordered to run concurrently, for misconduct in two cases. In the first case, Ellis inappropriately took money from a client when his fees were paid by the Commonwealth and he failed to respond in the disciplinary matter. In the second case, Ellis agreed to represent a client and collected a fee but never filed suit, failed to keep the client informed, retained the unearned fee and did not respond in the disciplinary matter. *Kentucky Bar Association v. Ellis*, 302 S.W.3d 75 (Ky.2010).

## Trial Commissioner's Report and Recommendation

All of the charges against Ellis were consolidated on February 9, 2010. The

---

4. This rule has since been renumbered to SCR 3.130(8.4)(c).

parties began to prepare for a hearing before a trial commissioner but prior to the hearing Ellis and the KBA agreed to enter a joint stipulation of facts and Ellis admitted he violated the Rules as charged. The only issue left to the trial commissioner was determining the appropriate sanction. The trial commissioner thoughtfully considered the joint stipulation, the pertinent legal authority, and the aggravating and mitigating factors in reaching his recommendation that Ellis be suspended for thirty-seven months, which should run concurrently with his prior ninety-day suspension, and that he be required to return his clients' files and pay the costs of this proceeding. When the proposed sanction is viewed in conjunction with Ellis's previous suspensions, Ellis will have been suspended from January 2008 to May 2015, approximately seven years and four months. Thus, should Ellis seek reinstatement at the conclusion of his suspensions, he will have to comply with the requirements of SCR 3.500, 3.505, 3.510 and 3.675, which includes applying for reinstatement, being reviewed and recommended by both the Character and Fitness Committee and the Board of Governors, passing the reinstatement exam, fulfilling all CLE requirements, and being approved by this Court.

The trial commissioner's recommended sanction is consistent with discipline this Court has imposed in similar cases. *Kentucky Bar Association v. Burlew,* 281 S.W.3d 768 (Ky.2009) (attorney with a history of four private admonitions, suspension for failure to pay dues and CLE noncompliance and an 181–day suspension for misconduct was suspended for three years for numerous rule violations in three disciplinary files); *Kentucky Bar Association v. Hammond,* 241 S.W.3d 310 (Ky.2007) (attorney with three prior private admonitions suspended for five years for misconduct in seven files, including charges of misappropriating client funds); *Kentucky*

*Bar Association v. Wade,* 172 S.W.3d 399 (Ky.2005) (attorney with prior two-year suspension received concurrent five-year suspension for misconduct in seven files); *Kentucky Bar Association v. Devers,* 936 S.W.2d 89 (Ky.1996) (three-year suspension for sixteen counts of misconduct in eight files).

The trial commissioner thoroughly considered the facts of the case, including the aggravating and mitigating factors, and his recommendation is supported by law. Accordingly, the Court adopts the trial commissioner's recommendation and hereby ORDERS:

1. Darren Burton Ellis, KBA Member Number 86419, is suspended from the practice of law in this Commonwealth for thirty-seven (37) months, effective on the tenth day following entry of this Order, pursuant to SCR 3.390(a). This suspension shall run concurrently with the ninety-day suspension entered by this Court against Ellis on January 21, 2010;

2. Pursuant to SCR 3.390, Ellis shall promptly take all reasonable steps to protect the interests of his clients, including, within ten days after the issuance of this order, notifying by letter all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel and notifying all courts or other tribunals in which he has matters pending. Ellis shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel;

3. Pursuant to SCR 3.390, Ellis shall immediately cancel any pending advertisements, shall terminate any advertising activity for the duration of the term of suspension, and shall not allow his name to be used by a law firm in any manner until he is reinstated;

4. Pursuant to 3.390, Ellis shall not, during the term of suspension, accept new clients or collect unearned fees;

5. Pursuant to SCR 3.450, Ellis is directed to pay all costs associated with these disciplinary proceedings, in the amount of $2,101.70, for which execution may issue from this Court upon finality of this Opinion and Order; and

6. Ellis shall promptly return to his clients or former clients any requested files or materials he has in his possession.

All sitting. All concur.

ENTERED: May 24, 2012.

/s/ John D. Minton, Jr.
   CHIEF JUSTICE