**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**William R. PALMER, Jr. KBA Member No. 66690, Respondent.**

No. 2012–SC–000787–KB.

Supreme Court of Kentucky.

Feb. 21, 2013.

As Corrected Feb. 22, 2013.

## OPINION AND ORDER

The trial commissioner recommends that this Court suspend Respondent, William R. Palmer, Jr., from the practice of law for a period of five years for his misconduct addressed in four disciplinary files. Palmer, whose Kentucky Bar Association (KBA) member number is 53485, and whose bar roster address is 3705 Ridge View Way, Lexington, Ky., 40509, was admitted to the practice of law in the Commonwealth on November 18, 1983.

Neither party having filed a notice of appeal, this case comes before this Court pursuant to SCR 3.360(4). We find the trial commissioner's report to be supported by the record and the law. Therefore, we adopt the recommendation of the trial commissioner as follows. SCR 3.370(9).

### KBA File Number 17522

■ Palmer settled a personal injury case for the sum of $9,500 and deposited the funds from the settlement into his trust account. Thereafter, he wrote checks from the account for his personal use. No portion of the $9,500 was ever distributed to the client. The client filed a complaint with the KBA and the Inquiry Commission issued a charge. Palmer did not respond to the Inquiry Commission's charge in a timely manner, despite repeated warning letters.

■ Palmer has not contested the factual basis of these charges, though he provided proof to the trial commissioner that the funds have since been paid to the client. The trial commissioner found Palmer guilty of violating SCR 3.130–1.15(a) for his personal use of the client's funds and SCR 3.130–8.1(b) for his failure to respond to the Inquiry Commission's complaint. Further, the trial commissioner deemed Palmer's conduct dishonest and, therefore, a violation of SCR 3.130–8.4(c).

### KBA File Number 17627

■ Palmer undertook representation of John Smith in a criminal matter before the Carter Circuit Court. At the time,

Palmer was practicing with a law firm. Smith's grandfather paid the firm $17,500 at the outset of the representation. When Palmer later left the firm, Smith elected to continue with Palmer as his attorney. An agreement was reached between Palmer and his former firm, whereby he would bill the firm for future work on the matter and the firm would pay Palmer.

Smith's grandfather subsequently paid Palmer an additional $6,600. The funds were intended to be used to hire an expert witness, but no such witness was ever retained. The funds were not repaid to Smith's grandfather, nor were they placed into a trust account.

During the course of his representation of Smith, this Court suspended Palmer from the practice of law for failure to pay his bar dues. The order was dated December 10, 2008, and required Palmer to inform all current clients of his suspension. Palmer did not notify Smith that he had been suspended, or of the fact that the suspension effectively terminated the representation.

Again, Palmer does not contest the factual basis of these charges. The trial commissioner found Palmer guilty of violating five Rules of Professional Conduct: SCR 3.130–1.15(a) for his failure to place the $6,600 into a trust account; SCR 3.130–1.15(b) for his failure to promptly return the funds to Smith's grandfather; SCR 3.130–1.16(d) for his failure to return the funds upon termination of the representation; SCR 3.130–8.4(c) for engaging in dishonest conduct; and SCR 3.130–3.4(c) for his failure to inform Smith of his December 10, 2008 suspension.

### KRA File Number 18506

■ This charge arose from Palmer's representation of Albert Hale. Palmer undertook Hale's representation in a criminal matter after Hale's initial attorney was elected Carter County Attorney. Hale paid Palmer $3,000 for the representation.

During the course of the representation, Hale claimed that Palmer repeatedly failed to meet with him or return phone calls, though Palmer refuted this assertion. There was no written fee agreement between Hale and Palmer. Also, Palmer did not inform Hale of his December 10, 2008 suspension.

Though the trial commissioner was persuaded that Palmer did, in fact, have phone conversations with Hale about the status of his case, he ultimately found Palmer guilty of violating SCR 3.130–1.4(a) for his failure to inform Hale of his suspension per this Court's order. The suspension ended the representation. By not promptly returning the unearned portion of Hale's fee upon this termination of representation, Palmer also violated SCR 3.130–1.16(d).

The trial commissioner found Palmer guilty of violating two ethical rules for his handling of Hale's $3,000 payment. Because there was no written fee agreement between the parties, SCR 3.130–1.15(a) required that the funds be placed into a trust account and distributed to the attorney as they were earned. Palmer did not do so and, therefore, violated the rule.

Additionally, Palmer never produced any billing records that would document the phone calls he had with Hale about the case. Though the trial commissioner concluded that Palmer had made several phone calls to Hale and earned a portion of the fee, he was unconvinced that Palmer had earned the entire $3,000. As such, the trial commissioner found Palmer guilty of violating SCR 3.130–1.15(b) for his failure to return the unearned portion of the $3,000 advance fee payment.

### KBA File Number 18658

■ Palmer stipulated to the facts contained in this file. A client paid $2,000 to Palmer as an advance fee payment, which was not deposited into Palmer's trust account, but rather into a general business account. Further, Palmer was unable to provide a full accounting to the client. Again, Palmer failed to inform the client of his December 10, 2008 suspension. Moreover, Palmer failed to give the client timely notice that the representation had ended due to his suspension.

The trial commissioner found Palmer guilty of violating four ethical rules. Palmer violated SCR 3.130–1.15(a) for his failure to deposit the advance fee payment into a trust account. He violated SCR 3–130–1.15(b) for his inability to provide a full accounting of the client's advance fee payment. SCR 3.130–1.16(d) requires that an attorney give reasonable notice when the relationship has been terminated, which Palmer failed to do upon his suspension. Again, Palmer did not comply with this Court's December 10, 2008 order and, therefore, violated SCR 3.130–3.4(c).

### Recommendation

■ Against the number and severity of Palmer's ethical violations, the trial commissioner weighed several other circumstances in recommending an appropriate sanction. Other than the December 10, 2008 suspension for failure to pay bar dues, Palmer has no disciplinary history. Additionally, the trial commissioner received extensive evidence of Palmer's very serious addiction to prescription pills and alcohol. He has received treatment, on-and-off, at various rehabilitation facilities since 2005. At the time of the hearing, Palmer was regularly attending meetings of other lawyers in recovery. Ultimately, the trial commissioner recommended that Palmer be suspended from the practice of law for a period of five years, with permanent monitoring by the Kentucky Lawyers' Assistance Program thereafter.

Neither Palmer nor the Office of Bar Counsel has filed a notice of review pursuant to SCR 3.360(4). We decline the opportunity to independently review the decision. SCR 3.370(8). Accordingly the trial commissioner's report is hereby adopted pursuant to SCR 3.370(9).

Accordingly, this Court hereby ORDERS as follows:

1. William R. Palmer, Jr., KBA Member No. 53485, is guilty of violating the Rules of Professional Conduct as enumerated above and is suspended from the practice of law for five (5) years from the date of this Opinion and Order;

2. During this suspension, Palmer must submit to monitoring by the Kentucky Lawyers Assistance Program;

3. Pursuant to SCR 3.390, Palmer shall, within ten (10) days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them and all courts in which he has matters pending of his suspension from the practice of law. Palmer shall also furnish copies of said letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible and necessary, Palmer shall immediately cancel and cease any advertising activities in which he is engaged; and

4. In accordance with SCR 3.450, Palmer is directed to pay all costs associated with these disciplinary proceedings in the sum of $2,440.14, for which execution may issue upon finality of this Opinion and Order.

ENTERED: February 21, 2013.

/s/ John D. Minton, Jr.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., sitting. All concur.