William R. PALMER, Jr., KBA Member No. 53485, Movant

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2013-SC-000233-KB.

Supreme Court of Kentucky.

May 23, 2013.

### OPINION AND ORDER

Movant, William R. Palmer, Jr., moves this Court, pursuant to SCR 3.480(2), to enter an Order resolving the pending disciplinary proceedings against him by imposing a one (1) year suspension from the practice of law. He requests that the suspension be served concurrently with the suspension ordered by this Court on February 21, 2013 in *Kentucky Bar Ass'n v. Palmer*, 391 S.W.3d 373 (Ky.2013). This motion is the result of an agreement between Palmer and the Office of Bar Counsel of the Kentucky Bar Association (KBA). For the following reasons, the motion is granted.

Palmer was admitted to the practice of law in the Commonwealth of Kentucky on November 18, 1983. His KBA Member No. is 53485 and his bar roster address is 3705 Ridgeview Way, Lexington, Kentucky 40509.

The charges of unethical conduct arise from Palmer's representation of Dustin Wood. Palmer was suspended from the practice of law on December 10, 2008 for the non-payment of bar dues. In that order, Palmer was directed to notify all clients of his suspension. He failed to notify Wood of the suspension.

Palmer also accepted fee payments from Wood's mother on December 21 and 29, 2008, for work performed on the matter prior to his suspension. When he accepted

the fee payments, he did not inform Wood's mother that he had been suspended. He admits that the failure to inform Wood's mother of his suspension left her with the reasonable impression that he continued to represent Wood. Further, after Wood's mother filed a complaint with the KBA, Palmer failed to respond to the Office of Bar Counsel's requests for specific information regarding the complaint.

Palmer admits that he violated SCR 3.130–8.3(c) by failing to inform Wood's mother of his suspension. He also acknowledges that he violated SCR 3.130–3.4(c) by failing to comply with this Court's order dated December 10, 2008, and SCR 3.130–8.1(b) by failing to respond to the Office of Bar Counsel's requests for information.

In addition to his suspension for failure to pay bar dues, Palmer is currently suspended from the practice of law for a period of five (5) years. *See Kentucky Bar Ass'n v. Palmer,* 391 S.W.3d at 376. In order to be reinstated after that suspension is complete, Palmer must comply with the requirements of SCR 3.510(4). For this reason, the KBA does not oppose Palmer's request that the current suspension run concurrently with the five-year suspension ordered in *Kentucky Bar Ass'n v. Palmer, id. See Kentucky Bar Ass'n v. Ellis,* 365 S.W.3d 548 (Ky.2012) (suspensions ordered to run concurrently where SCR 3.510(4) requirements had already been triggered).

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction still falls within the discretion of the Court. After reviewing the allegations and Palmer's disciplinary record, this Court concludes that the proposed discipline is adequate.

Accordingly, this Court hereby ORDERS as follows:

1. William R. Palmer, Jr., KBA Member No. 53485, is guilty of violating the Rules of Professional Conduct as enumerated above and is suspended from the practice of law for one (1) year from the date of this Opinion and Order. The suspension shall run concurrently with the suspension ordered by this Court on February 21, 2013;

2. Pursuant to SCR 3.390, Palmer shall, within ten (10) days from the entry of this Opinion and Order, notify all clients, if any, in writing of his inability to represent them and all courts in which he has matters pending of his suspension from the practice of law. Palmer shall also furnish copies of said letters of notice to the Office of Bar Counsel. Furthermore, to the extent possible and necessary, Palmer shall immediately cancel and cease any advertising activities in which he is engaged; and

3. In accordance with SCR 3.450, Palmer is directed to pay all costs associated with these disciplinary proceedings in the sum of $115.15, for which execution may issue upon finality of this Opinion and Order.

All sitting. All concur.