**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Charles V. COLLINS, Respondent.**

**No. 99–SC–0432–KB.**

Supreme Court of Kentucky.

Sept. 23, 1999.

As Modified Oct. 21, 1999.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Jane H. Herrick, Kentucky Bar Association, Frankfort, for Movant.

Erroll L. Cooper, Jr., Lexington, Ben L. Kessinger, Jr., Stites & Harbison, Lexington, for Respondent.

## OPINION AND ORDER

Respondent Charles V. Collins of Lexington, Kentucky, was charged with three counts of unethical behavior and unprofessional conduct by the Inquiry Tribunal of the Kentucky Bar Association. Following extensive hearings by a Trial Commissioner and the entry of detailed findings of fact, the Board of Governors found Respondent guilty of two charges and recommended a suspension of fifty-nine days. Having reviewed the record and briefs filed by the parties, we agree with the recommendation of the Board and impose a suspension of fifty-nine days.

Respondent was divorced in 1987. The decree provided that he was to make certain payments to his former wife, Mildred Rossoll. The payments were not made and Ms. Rossoll caused a judgment lien to be filed against real property owned by Respondent in Fayette County. The lien was filed in 1989. Two years later, Respondent received a Chapter 7 discharge in bankruptcy. In 1995, Respondent attempted to sell a portion of the Fayette County real estate and found that the lien had not been released. Believing all of the indebtedness evidenced by the lien had been discharged in bankruptcy, Respondent hired an attorney to quash the judgment lien. A motion to this effect was filed, with personal service effected on Respondent's former wife. She retained counsel and a hearing was scheduled in bankruptcy court. An agreement was reached by respective counsel to permit a partial release of the lien so that the property could be sold, and an order to that effect was entered by the court. In addition to the order, the agreement was evidenced by a letter between counsel setting forth the details. The order was entered in April of 1995 and placed on record in the Fayette County Clerk's Office by Respondent, personally.

In August of that same year, Respondent sought to sell another piece of real estate, and again a judgment lien was found by the title examiner. When Respondent contacted his counsel, he was, according to the lawyer, "reminded" of the agreement to only partially release the lien. Respondent, on the other hand, contends he did not know the prior agreement was only for a partial release. Respondent and his attorney together typed up a new order which modified the April 1995 order to reflect a full release of the judgment lien. Respondent personally took the modified order to Judge Lee, the bankruptcy judge, who eventually signed it. Judge Lee testified that according to his notes, he believed the new order was being entered by agreement of the parties. No motion was filed in relation to this order, nor was notice given to counsel for Respondent's former wife. The order was served on Ms. Rossoll, personally, after its entry, and she immediately provided her counsel with a copy. Shortly there after, the order was set aside by the bankruptcy court on Ms. Rossoll's motion. The bankruptcy court also awarded Ms. Rossoll the attorney's fees she incurred in having the order set aside.

Respondent emphasizes that the Trial Commissioner who heard the evidence in this case stated in his findings that the testimony of Respondent and his counsel regarding their treatment of the release of the lien, was diametrically opposed and irreconcilable, and that he was unable to base findings against Respondent upon the testimony of his counsel. This, Respondent argues, means that on the pivotal question of whether he knew the agreement was to enter into only a partial release, we must conclude he did not. He further reasons that because he did not know of the agreement at the time it was originally filed, his actions in securing the later order of full release cannot be the basis of disciplinary action.

Respondents's argument ignores the following findings of the Trial Commissioner that cut to the heart of this proceeding: 1) Respondent personally filed the partial release order of April 1995 with the Fayette County Clerk's Office; 2) Respondent

knew his wife, via counsel, had agreed to only a partial release at the time he tendered the August 10, 1995 order to the court, but did not inform the court of his knowledge, and; 3) Respondent's belief that the lien was either invalid or should have been fully released is irrelevant when considering whether he knew of the actual agreement of April 1995 when he tendered the August 1995 order to the bankruptcy court.

The Board of Governors of the Kentucky Bar Association found Respondent guilty of violating SCR 3.130–3.3(a)(2) by failing to reveal to the United States Bankruptcy Court that the April 1995 agreement between Respondent and his former spouse only provided for a partial release and not a full release of the judgment lien. Respondent was also found guilty of violating SCR 3.130–8.3(c) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation by virtue of having tendered the August 1995 order to the United States Bankruptcy Court knowing it to be incorrect, the order not accurately reflecting the parties' April 1995 agreement for a partial release.

We agree with the Board and likewise find Respondent guilty. In recognition of Respondent's forty-seven-year history of practice without any prior disciplinary actions having been brought, the Board recommended a fifty-nine-day suspension. We likewise concur with the Board's recommendation.

IT IS THEREFORE ORDERED AS FOLLOWS:

1) The Respondent, Charles V. Collins, is hereby suspended from the practice of law in Kentucky for a period of fifty-nine (59) days. The period of suspension shall commence on the date of entry of this Opinion and Order and continue until such time a Respondent is reinstated pursuant to SCR 3.510(2).

2) In accordance with SCR 3.450, Respondent is directed to pay all costs associated with this disciplinary proceeding against him, said sum being $2,148.46, and for which execution may issue from this Court upon finality of this Opinion and Order.

LAMBERT, C.J.; and COOPER, GRAVES, JOHNSTONE, STUMBO, and WINTERSHEIMER, JJ., concur.

KELLER, J., not sitting.

ENTERED: September 23, 1999.

/s/  Joseph E. Lambert

CHIEF JUSTICE