TO BE PUBLISHED

# Supreme Court of Kentucky



## 2005-SC-0847-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                              IN SUPREME COURT


KENNETH W. LAMPE                                          RESPONDENT

## OPINION AND ORDER

The Kentucky Bar Association (KBA) moves this Court to declare Respondent, Kenneth W. Lampe, guilty of several charges brought in two cases before the Association. Respondent's last known address is P.O. Box 22847, Louisville, Kentucky, 40258. The KBA also moves this Court to impose an appropriate sanction for these violations. We adopt the recommendations submitted by the Board of Governors and impose the sanctions reflected herein.

### I. KBA File 8712

Respondent was properly served a four (4) count charge issued by the Inquiry Commission on March 20, 2003, alleging violations of the Rules of Professional Conduct in connection with his representation of Linda Fish.

Ms. Fish hired Respondent in November 1999 for the purpose of re-opening a workers' compensation claim that was settled in March 1997. Ms. Fish provided a copy

of her settlement agreement to Respondent. She contacted Respondent because she saw a television commercial for Respondent's firm offering legal representation in workers' compensation matters. Ms. Fish never made face-to-face contact with Respondent, but rather, Respondent provided all consultations and communications over the telephone. All contact between Respondent and Ms. Fish was initiated by Ms. Fish. Respondent frequently failed to return Ms. Fish's telephone calls. When Respondent did speak with Ms. Fish, he told her that he was working on her claim and was simply waiting on an impairment rating from her physician.

In fact, Respondent was not actively working on Ms. Fish's case and had not retained a physician to assess Ms. Fish's impairment rating. Respondent further failed to file the necessary documents to re-open Ms. Fish's claim prior to the expiration of the four (4) year statute of limitations which passed in March 2001. On July 6, 2001, Respondent's law partner sent Ms. Fish a letter terminating the representation. After the termination and after receiving a bar complaint, Respondent sent a letter to Ms. Fish's physician stating that he was representing her and requesting medical records. Respondent also sent a medical authorization signed by Ms. Fish to the physician. On the medical authorization form, Respondent falsely indicated that the form was signed sometime after the representation was actually terminated.

At a hearing on the matter, Respondent claimed that he was not aware that there was a four (4) year statute of limitations for re-opening workers' compensations claims and that he had little experience in workers' compensation matters. The Trial Commissioner found Respondent guilty of violating SCR 3.130-1.1, for failing to provide competent representation to a client; SCR 3.130-1.3, for failing to act with reasonable diligence and promptness in representing a client; SCR 3.130-1.4(a), for failing to keep

2

his client reasonably informed about the status of the matter and promptly complying with reasonable requests for information; and SCR 8.3(c),engaging in conduct involving dishonesty, fraud, deceit or misrepresentation during the course of Respondent's representation of Ms. Fish and his response to her bar complaint. Respondent was also adjudicated guilty of all charges by a unanimous vote of twenty to zero (20-0) by the Board of Governors.

## II. KBA File 10845

Respondent was properly served a three (3) count charge issued by the Inquiry Commission on February 11, 2004, alleging violations of the Rules of Professional Conduct in connection with his representation of Saeid Khosdel. Respondent failed to respond to the initial bar complaint and a reminder letter. Respondent, nonetheless, was permitted to defend the claim and did participate in a hearing on the matter. Respondent claimed that he was suffering from a serious depression and that was a factor in his initial failures to respond.

Respondent was hired by Mr. Khosdel in March 2001 for the purpose of commencing a bodily injury claim. At this time, Mr. Khosdel was receiving medical treatment for his injuries. Respondent corresponded with the insurance companies, interviewed the police officer who completed a police report in the matter, interviewed Mr. Khosdel, and interviewed a witness to the accident. On August 20, 2001, Mr. Khosdel's medical provider sent a letter to Respondent stating that Mr. Khosdel had reached maximum medical improvement (MMI).

After receiving the August 20, 2001, letter, Respondent failed to correspond with the liability insurance company, file a lawsuit, or otherwise pursue Mr. Khosdel's claim. Respondent made no attempts to contact Mr. Khosdel and when Mr. Khosdel contacted

3

him, he repeatedly stated that he was working on Mr. Khosdel's case. After sixteen months of failing to take any action on his claim, Mr. Khosdel terminated Respondent's representation. Mr. Khosdel hired another attorney and his matter is currently pending in the Jefferson Circuit Court.

At a hearing on the matter, the Trial Commissioner found that Respondent violated SCR 3.130-1.3 for failing to act with reasonable diligence and promptness in representing a client; and SCR 3.130-1.4(a) for failing to keep his client reasonably informed about the status of the matter and promptly complying with reasonable requests for information. The Trial Commissioner found Respondent not guilty of violating SCR 8.1(b), for knowingly failing to respond to a lawful demand for information from an admissions or disciplinary authority. On review, the Board of Governors adopted the Trial Commissioners' determinations by a vote of eleven to nine (11-9) for violating SCR 3.130-1.3 and SCR 3.130-1.4(a) and eight to twelve (8-12) for not violating SCR 8.1(b).

### III. Conclusion

The record in this case indicates a clear pattern of noncompliance with the rules of Respondent's chosen profession. Upon the foregoing facts and charges, we find sufficient evidence to find Respondent guilty of all counts charged in KBA File No. 8712 and guilty of violation of SCR 3.130-1.3 and SCR 3.130-1.4(a) in KBA File No. 10845. We further hold that Respondent should be sanctioned.

Accordingly, it is hereby ORDERED that:

1.　Respondent, Kenneth W. Lampe, is adjudicated guilty of all charges alleged in KBA File 8712 and guilty of violation of SCR 3.130-1.3 and SCR 3.130-1.4(a) in KBA File No. 10845.

4

2.	Respondent is suspended from the practice of law in Kentucky for a period of 120 days. The period of suspension shall commence on the date of entry of this order.

3.	In accordance with SCR 3 .450, Respondent is directed to pay all costs associated with these disciplinary proceedings in the amount of $2,188.27 for which execution may issue from this Court upon finality of this Order.

4.	In accordance with SCR 3.390, Respondent shall, within ten days from the entry of this Opinion and Order, notify all clients in writing of his inability to represent them, and notify all courts in which he has matters pending of his suspension from the practice of law. Respondent shall furnish copies of said letters of notice to the Director of the Kentucky Bar Association. Upon the issuance of said Opinion and Order, Respondent shall immediately, to the extent possible, cancel and cease any advertising activities in which he is engaged.

All concur.

ENTERED: January 19, 2006.

_____
Chief Justice