TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000258-KB

JOHN E. DUTRA                                 MOVANT

V.                            IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                 RESPONDENT

## OPINION AND ORDER

The Movant, John E. Dutra, under SCR 3.480(2), moves this Court to enter an Order resolving the pending disciplinary proceeding against him (KBA File No. 21285) by imposing a 181-day suspension, with 61 days to be served and the remainder probated for two years subject to conditions. This motion is the result of an agreement with Bar Counsel for the Kentucky Bar Association. For the following reasons, the motion is granted.

Dutra was admitted to the practice of law in the Commonwealth of Kentucky on October 9, 2000; his KBA member number is 88405. His bar roster address is 113 North Hamilton Street, Georgetown, Kentucky 40324.

In 2010, Dutra was hired by Sandra Southwood to represent her on multiple criminal charges, including attempted murder. While the charges were pending, an irrevocable trust agreement was drafted for Southwood. The trust was funded with a $50,000 check from a third party, and Dutra was named

trustee. In 2011, Southwood was indicted for two additional counts of witness tampering.

At various times during the representation, Dutra wrote a total of over $24,000 in checks on the account, including a check for $3,000 payable to Dutra's law firm (but with a memo line stating it was for a forensic psychological evaluation), two checks totaling $2,690 payable to the forensic psychological evaluator, a check for $3,833.33 payable to the firm's escrow account, a check for $5,000 payable to cash (with a note reading "tampering indictment"), and three checks totaling $12,200 payable to Dutra's law partner, David Higdon (one of these checks had "Atty fee" written on the memo line, and another said "Southwood-Reimbursement").

In November 2011, Southwood entered a guilty plea and was sentenced to ten years in prison. Some time after that, she asked Dutra for information about the trust account and copies of trust account records. Apparently, this request was prompted by Dutra's failure to deposit money into Southwood's inmate account and failure to timely pay a fee for a storage unit. Dutra did not respond to the request. In October 2012, Southwood filed a bar complaint against Dutra.

While the complaint was being investigated, on February 27, 2013, Dutra sent Southwood a letter stating he would refund $5,000 to the trust and that the balance in the trust account would be $17,915. However, on February 27, 2013, the balance in the account was $206.45. Included with the letter was a document titled "Agreement of Parties," in which Dutra stated he would

2

transfer his trustee duties to Ed Wofford if Southwood agreed to the withdrawal and dismissal of the bar complaint. Southwood signed the agreement, but added by hand that she was not responsible for any decisions of the Office of Bar Counsel.

On March 28, 2013, Dutra provided a cashier's check for $17,465 to Wofford, who deposited the check into the trust account.

In July 2013, the Office of Bar Counsel sent a letter to Dutra asking for additional information about the bar complaint and stating that a failure to respond could result in a charge of misconduct under SCR 3.130-8.1(b). Dutra never responded to this letter.

In October 2013, the Inquiry Commission issued a three-count charge of professional misconduct against Dutra. The charge alleged that he violated SCR 3.130-1.4(a)(2)[1] by failing to consult with Southwood about the $5,000 check to pay for Dutra's representation in the new indictment; SCR 3.130-8.1(b)[2] by failing to respond to the July 2013 letter from bar counsel requesting information about this matter, despite having been given notice that failure to respond could result in an additional charge; and SCR 3.130-8.4(c)[3] by withdrawing funds from the trust account for purposes other than to benefit

---

[1] "A lawyer shall ... reasonably consult with the client about the means by which the client's objectives are to be accomplished ...." SCR 3.130-1.4(a)(2).

[2] "[A] lawyer ... in connection with a disciplinary matter, shall not ... fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6." SCR 3.130-8.1(b).

[3] "It is professional misconduct for a lawyer to ... engage in conduct involving dishonesty, fraud, deceit or misrepresentation ...." SCR 3.130-8.4(c).

Southwood (such as making payments to his law firm), by failing to inform Southwood of the withdrawals, by failing to provide Southwood an accurate balance of the account, and by refusing Southwood's requests for copies of the account records.

Dutra and the Office of Bar Counsel have reached an agreement to resolve this matter. And Dutra now asks this Court to enter an order in conformity with his negotiations with the Office of Bar Counsel. The proposed sanction is a 181-day suspension, with 61 days to be served and the remaining 120 days to be probated. The probation is to be subject to the following conditions: (1) that Dutra will comply with the notification requirements of SCR 3.390(b); (2) that Dutra will not receive a charge of professional misconduct based on conduct occurring or discovered after entry of this Court's order; and (3) that if the Court revokes Dutra's probation and imposes the remainder of his suspension, then the provisions of SCR 3.510(3) will apply.[4]

Dutra admits that he is guilty of violating the Rules of Professional Conduct as set forth in the charge. He also states that during the time he represented Southwood, "he was involved in significant marital discord resulting in ... dissolution proceedings" and that "the illness of his law partner, ultimately resulting in brain surgery and recovery therefrom, was among the stresses in his personal and professional life during this general time period."

_____

[4] Under SCR 3.510(3), an attorney suspended more than 180 days must proceed before the Character and Fitness Committee before being reinstated to the practice of law.

4

He states that he submits these facts "only ... in mitigation and not in defense of the violations admitted [in the motion]."

The Office of Bar Counsel has no objection to the motion and asks that it be granted. Bar Counsel cites several cases that it claims support the proposed sanction. *See Kentucky Bar Ass'n v. Gevedon*, 398 S.W.3d 430 (Ky. 2013) (30-day suspension for failing to file custody petition and failing to communicate with client); *Kentucky Bar Ass'n v. Ellis*, 302 S.W.3d 75 (Ky. 2010) (imposing 90-day suspension for improperly getting a $400 fee from a parent instead of the state, and failing to file a divorce action and failing to return the $240 fee for that representation); *Kentucky Bar Ass'n v. Lampe*, 183 S.W.3d 171 (Ky. 2006) (120-day suspension for violations including failing to timely reopen a workers compensation matter, to provide competent representation, to act with diligence, or to keep the client informed); *Kentucky Bar Ass'n v. Stevenson*, 2 S.W.3d 789 (Ky. 1999) (181-day suspension for failing to file complaint in estate matter after telling client he would do so, failing to keep client fully apprised of status of her claim, misleading client, and failing to respond to bar complaint). Bar Counsel states that cases involving deficient client communication, dishonesty to a client, and failure to respond "have resulted in sanctions reflecting the seriousness of the conduct as well as aggravating or mitigating factors present."

According to the KBA, the Chair of the Inquiry Commission and a Past President of the KBA have reviewed and approved the sanction proposed by Dutra. Dutra has no history of past discipline.

5

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges if the parties agree." SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction." *Id.* Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction still falls within the discretion of the Court.

After reviewing the allegations, Dutra's previous disciplinary record, and the cases cited by Bar Counsel, this Court concludes that the discipline proposed by Dutra is adequate.

**Order**

ACCORDINGLY, IT IS ORDERED THAT:

1. The Movant, John E. Dutra, is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. Dutra is suspended from the practice of law in this Commonwealth for 181 days. Dutra must serve 61 days of that suspension, and the remaining 120 days is probated for two years on the following conditions:

   a. That Dutra complies with the notification requirements of SCR 3.390(b);

6

b. That Dutra does not receive a new charge of professional misconduct based on conduct occurring after or discovered after entry of this Court's order; and

c. That if the Court revokes Dutra's probation and imposes the remainder of his suspension, then the provisions of SCR 3.510(3) will apply.

If Dutra violates any of these conditions, the Office of Bar Counsel may move to have the probation revoked and the remainder of the suspension imposed.

3. As required by SCR 3.390, and as agreed by Dutra, Dutra will, within 10 days after the issuance of this order of suspension from the practice of law for more than 60 days, notify, by letter duly placed with the United States Postal Service, all courts or other tribunals in which he has matters pending, and all of his clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. Dutra shall simultaneously provide a copy of all such letters of notification to the Office of Bar Counsel. Dutra shall immediately cancel any pending advertisements, to the extent possible, and shall terminate any advertising activity for the duration of the term of suspension.

4. As stated in SCR 3.390(a), this order shall take effect on the 10th day following its entry. Dutra is instructed to promptly take all reasonable steps to protect the interests of his clients. He shall not during the

term of suspension accept new clients or collect unearned fees, and shall comply with the provisions of SCR 3.130-7.50(5).

5. In accordance with SCR 3.450, Dutra is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $269.42, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 21, 2014.

_____
Chief Justice