TO BE PUBLISHED

# Supreme Court of Kentucky

2016-SC-000262-KB

**FINAL**

DATE 9/7/16 _Kim Redman_ DC

JOSEPH DANIEL THOMPSON                                        MOVANT


V.                                  IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                   RESPONDENT


## OPINION AND ORDER

Pursuant to SCR 3.480(2), Movant, Joseph Daniel Thompson, moves this Court to impose a 181 day suspension from the practice of law for his admitted violations of the Rules of Professional Conduct, with 120 days of the suspension probated for 2 years on the condition that he not receive any new charges from the Inquiry Commission during his probationary period. The Kentucky Bar Association (KBA) has no objection to this negotiated discipline.

Finding this agreed upon disciplinary sanction to be appropriate under the facts of this case, we grant Movant's motion. Movant's Kentucky Bar Association (KBA) member number is 88578 and his bar roster address is listed as 108 North Main Street, Somerset, Kentucky, 42505. Movant was admitted to the practice of law in the Commonwealth of Kentucky on October 14, 2000.

Mabab Trade, LLC, entrusted Movant with $775,000.00 to be used in connection with a proposed investment transaction between Mabab, Jason Castenir, and four other investors. Movant initially and appropriately placed the funds into his office escrow account.

About seven weeks later, Mabab requested the return of the funds in their entirety. An attempt to wire the escrow funds back to Mabab was unsuccessful due to a lack of funds in Movant's escrow account. At the time of the refund request, the escrow account contained a balance of approximately $373,131.13. Following this unsuccessful transfer attempt, Movant wired Mabab $300,000.00 about two weeks later, and an additional $47,000.00 about two weeks after that.

The remaining $427,500.00 was eventually returned to Mabab; not from Movant's escrow account, however, but rather from Maverick Asset Management, who had originally received the funds from the escrow account via a transfer initiated by Jason Castenir, one of the original investors. Movant had given Castenir, who is not an attorney, access to the escrow account with instructions to obtain prior approval from Movant before making any transfers from the account. Castenir did not, however, get Movant's approval before initiating the transfer of funds to Maverick Asset Management.

In connection with his failure to immediately return the funds to Mabab upon request, Movant falsely told the Manager of Mabab that the funds were

secure even though a portion of the funds had already been transferred to Maverick Asset Management; falsely told him that the escrow account could not be accessed temporarily due to an audit when, in fact, there was no audit; and falsely told him that the funds were "tied up" due to a pending lawsuit in Texas when, in fact, there actually was no such lawsuit.

Mabab filed a lawsuit against Movant and others in connection with the mishandling of its funds, and the case was eventually settled, with Movant's portion of the settlement being $95,000.00, which he has paid. In summary, Mabab has been made whole, and Movant has fully complied with his obligations under the settlement.

As a result of the above conduct the Inquiry Commission charged Movant with violating SCR 3.130(1.15)(a) (failure to maintain funds in escrow); SCR 3.130(5.3(b) (inadequate supervision of a non-lawyer); and SCR 3.130(8.4)(c) (dishonest, fraud, deceit, or misrepresentation). Movant admits that his conduct as described above violates the Rules as charged by the Inquiry Commission, and we accordingly hold that the Movant violated the Rules as just described.

## DISPOSITION

Movant now moves this Court to enter an order suspending him for a period of 181 days with 120 of those days suspended for a period of two years under the condition that he receives no further charges during the probationary period. The KBA has no objection to the proposed discipline,

3

which was negotiated pursuant to SCR 3.480(2).[1] Upon review of the facts in this case and relevant case law, we find the proposed discipline is appropriate. See *KBA v. Schaffner*, 2015 WL 1544453 (Ky. 2015), and *Dutra v. KBA*, 440 S.W.3d 374 (Ky. 2014).

Accordingly, it is hereby ORDERED that:

1) Movant, Joseph Daniel Thompson, is suspended from the practice of law in the Commonwealth of Kentucky for 181 days, with 120 of those days suspended under the condition that he commit no further ethical violations during the suspension period.

2) Pursuant to SCR 3.390, and to the extent that he has not done so as a result of his prior suspension, Respondent shall notify in writing, all courts in which he has matters pending of his suspension from the practice of law, and notify in writing all clients of his inability to represent them and of the necessity and urgency of promptly retaining new counsel. "Such notification shall be by letter duly

---

[1] "The Court may consider negotiated sanctions of disciplinary investigations, complaints or charges prior to the commencement of a hearing before a Trial Commissioner under SCR 3.240. Any member who is under investigation pursuant to SCR 3.160(2) or who has a complaint or charge pending in this jurisdiction, and who desires to terminate such investigation or disciplinary proceedings at any stage of it may request Bar Counsel to consider a negotiated sanction. If the member and Bar Counsel agree upon the specifics of the facts, the rules violated, and the appropriate sanction, the member shall file a motion with the Court which states such agreement, and serve a copy upon Bar Counsel, who shall, within 10 days of the Clerk's notice that the motion has been docketed, respond to its merits and confirm its agreement. The Disciplinary Clerk shall submit to the Court within the 10 day period the active disciplinary files to which the motion applies. The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand."

4

placed in the United States mail within ten days of the date of this Opinion and Order. Respondent shall simultaneously provide a copy of all such letters to the Office of Bar Counsel. Furthermore, to the extent possible and necessary, Respondent shall immediately cancel and cease any advertising activities in which he is engaged.

3) If Movant commits any ethical violations during the probationary period, the KBA should undertake appropriate filings with this Court to revoke the suspension period.

4) Pursuant to SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings, in the amount of $47.60, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 25, 2016.

CHIEF JUSTICE