TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

2016-SC-000386-KB DATE 11/1/16 _Kim Redmon_, DC

KENTUCKY BAR ASSOCIATION                                          MOVANT

V.                          IN SUPREME COURT

JOHN ELIAS DUTRA                                               RESPONDENT

## OPINION AND ORDER

The Board of Governors ("Board") of the Kentucky Bar Association

("KBA") recommends that this Court suspend Respondent, John Elias Dutra,

from the practice of law for thirty days and that he be required to repay his

former client, Allison Kitchen, the sum of $1,550.00. The Board further

recommends that Respondent's suspension be probated for one year provided

that Respondent completes the client reimbursement of $1,550.00 within sixty

days. In addition, the Board recommends that Respondent's suspension, if

required to be served, be consecutive with any other suspension Respondent

may have pending. Lastly, the Board recommends that Respondent be

required to pay costs in this action. Finding sufficient cause to do so, we adopt

the Board's recommendation. Respondent, whose bar roster address is 113

North Hamilton Street, 1B, Georgetown, KY 40324, was admitted to the practice of law in October 2000. His KBA Number is 88405.

## I. BACKGROUND

In the summer of 2013, Respondent was retained by Allison Kitchen to represent her in a divorce. Kitchen paid Respondent an initial consultation fee of $75.00, followed by a retainer fee of $1,925.00 for representation in the divorce, for a total sum of $2,000.00. In August 2013, Respondent filed a Petition for Dissolution of Marriage on Kitchen's behalf. For personal reasons, Kitchen decided to delay the divorce. One year later, she attempted to contact Respondent to request a refund of her retainer fee, but she was told that Respondent was not available. Throughout the fall and winter of 2014, Kitchen initiated several more attempts to contact Respondent but was never able to reach him, and he made no apparent effort to contact her.

In late spring of 2015, Kitchen filed a complaint with the Kentucky Bar Association. After three failed attempts by the bar association to contact Respondent by mail, he was finally served by the local sheriff. In his response to the bar complaint, Respondent admitted to the Office of Bar Counsel ("OBC") that he owed Kitchen a refund of $1,550.00, which he calculated by deducting $450.00 for three hours of work he had done on Kitchen's divorce. OBC responded by asking Respondent to produce copies of his correspondence with Kitchen and a copy of the refund check. OBC also inquired as to whether Respondent had deposited the funds paid by Kitchen in his escrow account or in a general operating account. Eleven days later, Respondent informed the

2

OBC that he was unable to reimburse Kitchen and would have to borrow the money to do so, which he expected to do by the end of the month.

Respondent later informed the OBC that the fees Kitchen had paid were deposited in his general office operating account. He offered that he would provide proof of the reimbursement as soon as he had it.

In November 2015, the Inquiry Commission ("Commission") initiated a complaint against Respondent alleging the following violations: 1) SCR 3.130(1.15)(e) (Client Trust Accounts) for his failure to deposit the advance fee payments into a client escrow account; and 2) SCR 3.130(1.16)(d) (Declining or Terminating Representation) for abandoning the client, failing to return the client's paperwork, and for failing to properly withdraw from the case upon termination of the representation. The Commission's charge was forwarded to Respondent in November by certified mail. Acknowledgement of receipt was never returned.

In December 2015, Respondent moved for a twenty-day extension of time to respond to the Commission's inquiry. His request was granted, but no responsive pleading was ever filed.

## II. ANALYSIS

Due to Respondent's failure to respond to the complaint, the Commission submitted the matter to the Board of Governors under SCR 3.210(1), our rule

3

for processing cases of default.[1] Eighteen members of the Board voted on Respondent's charges and unanimously found Respondent guilty of each charge. After considering Respondent's prior disciplinary history, the Board unanimously recommended the disciplinary measures previously set forth herein. The Board also voted that service of this suspension run consecutively to the suspension previously ordered in *Dutra v. Kentucky Bar Association,* 440 S.W.3d 374 (Ky. 2014).[2]

Having reviewed the record, we agree that the Board reached the appropriate conclusions as to Respondent's guilt. Respondent has not filed a notice with this Court to review the Board's decision, and we do not elect to review the decision of the Board under SCR 3.370(8).[3] Accordingly, the decision of the Board is hereby adopted under SCR 3.370(9).[4]

For the foregoing reasons, it is hereby ORDERED:

---

[1] "If no answer is filed after a Respondent is notified, the Inquiry Commission shall order the record, together with such investigative evidence as may have been obtained, to be submitted to the Board."

[2] Previously, by Opinion and Order, Respondent was suspended from the practice of law in August 2014 for a period of one hundred eighty-one days, with sixty-one days to be served and the remainder to be probated with conditions.

[3] "If no notice of review is filed by either party, the Court may notify Bar Counsel and Respondent that it will review the decision. If the Court so acts, Bar Counsel and Respondent may each file briefs, not to exceed thirty (30) pages in length, within thirty (30) days, with no right to file reply briefs unless by order of the Court, whereupon the case shall stand submitted. Thereafter, the Court shall enter such orders or opinion as it deems appropriate on the entire record."

[4] "If no notice of review is filed by either of the parties, or the Court under paragraph eight (8) of this rule, the Court shall enter an order adopting the decision of the Board or the Trial Commissioner, whichever the case may be, relating to all matters."

4

1. Respondent, John Elias Dutra, is found guilty of violating SCR 3.130(1.15) and SCR 3.130(1.16)(d).

2. Respondent is suspended from the practice of law for thirty days. If within sixty days Respondent has completed the payment of restitution to Allison Kitchen in the sum of $1,550.00, the suspension from practice ordered herein shall be probated for one year. Respondent shall file proof of payment of restitution within sixty days. In the event that Respondent fails to pay the restitution as ordered, his thirty day suspension from the practice of law shall commence and shall run consecutively with the previously imposed suspension.

3. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $265.25, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 20, 2016.

CHIEF JUSTICE

5