TO BE PUBLISHED

# Supreme Court of Kentucky

FINAL

DATE 8/28/18 Kim Redmon, DC

2018-SC-000115-KB

DAVID JOE PORTER                                                    MOVANT


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                    RESPONDENT


## OPINION AND ORDER

Pursuant to SCR[1] 3.480(2), David Joe Porter,[2] moves this Court to enter an Order resolving the pending disciplinary proceedings against him[3] by imposing a Public Reprimand and a 181-day suspension, probated subject to conditions. This motion is the result of an agreement negotiated with Kentucky Bar Association ("KBA"), pursuant to SCR 3.480(2). Finding this agreed–upon disciplinary sanction to be appropriate under the facts of this case, we grant Porter's Motion.

---

[1] Supreme Court Rules.

[2] Porter's KBA member number 88085. He maintains a bar roster address of P.O. Box 243, Staffordsville, KY 41256.

[3] The disciplinary matters at issue are contained in KBA Files 23060, 23067, 23090, 23091, 23122, 23123, 23134, 23246, 23257, 23323, 23187, 23273, 23347, 23440, 23444, 23449, 23451, 23466, and 23474.

The disciplinary proceedings at issue share common facts and a relevant time period from around 2012 to 2014, although primarily in 2014. Without repeating the details of each KBA File, the facts common to these disciplinary proceedings concern identify theft of Porter's status as an attorney by another attorney, John Brady, and/or a support staff person, Charles Mills, who were operating out of Porter's Lexington satellite law office, while Porter was primarily operating out of his law office in Paintsville. Unbeknownst to Porter, at the Lexington office, Brady and Mills deliberately withheld information from him, including mail, and held themselves out to prospective clients as Porter in nothing short of identity theft. This intentional misconduct was undertaken in such a way as to disguise what was occurring so that Porter would not discover, through the regular course of events, what was happening at the Lexington office. The resulting damage led to numerous bar complaints being filed against Porter. Criminal proceedings are currently pending against Brady and Mills; no such criminal proceedings were initiated against Porter. Porter has acknowledged that he did not exercise appropriate oversight regarding the operation and supervision of the Lexington office, and made assumptions which he considered reasonable at the time, as to how the Lexington office was being managed by Brady and the support staff, including Mills.

Combining the 19 KBA Files at bar, the Inquiry Commission has charged Porter with numerous counts of violating the following Rules of Professional Conduct: SCR 3.130(5.1)(a); SCR 3.130(5.1)(b); SCR 3.130(5.3)(a); SCR

3.130(1.3); SCR 3.130(1.4)(a)(2), (3), and (4); 3.130(1.16)(d); SCR 3.130(8.1)(b); SCR 3.130(1.15)(a); and SCR 3.130(8.4)(c).

With respect to the negotiated sanction, we note that in *Thompson v. KBA*, 494 S.W.3d 488, 490 (Ky. 2016), this Court imposed a similar sanction, suspending an attorney for 181 days, 120 days probated on the condition that the Respondent receive no further charges during the probationary period. In that case, the Respondent similarly failed to properly supervise a non-attorney assistant, resulting in loss of client funds. *Id.* at 489. Unlike Porter, however, Thompson also misrepresented the status of the funds to the clients and violated other Rules. *Id.* The matter was eventually settled; Thompson paying $95,000.00 in restitution, and serving at least 60 days of his suspension. *Id.*

Here, the KBA favors probating Porter's 181-day suspension, subject to conditions, in light of his cooperation in resolving these matters, his agreement to make timely restitution to those affected, and considering the criminal acts committed by Porter's assistants. According to the KBA, the Chair of the Inquiry Commission and a Past President of the KBA have reviewed and approved the sanction proposed by Porter. Porter has no history of past discipline.

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges" if the parties agree. SCR 3.480(2). Specifically, "the member and Bar Counsel [must] agree upon the specifics of the facts, the rules violated, and the appropriate sanction[.]" *Id.* Upon receiving a motion under this Rule, "[t]he

3

Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction still falls within the discretion of the Court.

Upon review of the facts of this case, the relevant case law, and Porter's disciplinary history, this Court concludes that the proposed discipline is adequate. *See Ky. Bar Ass'n v. Schaffner,* 2015-SC-000108-KB, 2015 WL 1544453 (Ky. 2015), and *Dutra v. Ky. Bar. Ass'n,* 440 S.W.3d 374 (Ky. 2014).

Accordingly, it is hereby ORDERED that:

1. Porter is found guilty of the above-described and admitted violations of the Rules of Professional Conduct.

2. Porter is suspended from the practice of law for 181 days, with the entirety of the suspension probated for two years, upon the following conditions:

   a. Porter shall not receive any new Charges from the KBA Inquiry Commission. Issuance of any Disciplinary Charge, or Charges, from the Inquiry Commission during the probationary period may be grounds for this Court to impose the 181-day suspension.

   b. Porter shall complete all restitution payments set forth in his Motion within two years of this Order. The payments made by Porter during the period of one year from this Court's Order granting his Motion shall be in the aggregate one-half of the total amounts due to be paid by Porter pursuant to his Motion, with the

4

remaining one-half to be paid in full during the second year. Failure to make these payments may be grounds for this Court to impose the 181-day suspension. If this Court ever revokes his probation and imposes the 181-day suspension, then the provisions of SCR 3.510(3) will apply.

c. Porter shall provide proof to the KBA Office of Bar Counsel that all ordered payments have been made.

3. Porter is hereby Publicly Reprimanded for his misconduct.

4. In accordance with SCR 3.450, Porter is directed to pay all costs associated with these disciplinary proceedings against him, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 16, 2018.

_____
CHIEF JUSTICE