TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0555-KB

NICHOLAS SCOTT CALMES                                                    MOVANT


IN SUPREME COURT

V.


KENTUCKY BAR ASSOCIATION                                          RESPONDENT

AND


2025-SC-0313-KB

IN RE: NICHOLAS SCOTT CALMES


IN SUPREME COURT


## OPINION AND ORDER

Nicholas Scott Calmes[1] moves this Court to enter a negotiated sanction

pursuant to Supreme Court Rule (SCR) 3.480(2) to resolve a pending

disciplinary proceeding against him.  Calmes proposes a 181-day suspension,

with 50 days to serve and the balance probated for two years, subject to

conditions.  The Kentucky Bar Association (KBA) has no objection.  After

---

[1] Calmes, KBA Member Number 96187, was admitted to practice law in the Commonwealth on October 17, 2014.  His bar roster address is 181 General Cleburne Drive, Richmond, Kentucky 40475.

review, we conclude that the proposed sanction is adequate, however the sanction will run consecutively to the sanction hereby imposed for Calmes' violation of a probation condition in a separate 2024 disciplinary matter.

## BACKGROUND

On October 30, 2024, Calmes filed a motion in two Jackson County Dependency, Neglect, and Abuse (DNA) cases on behalf of his client, the mother of the two children involved. Calmes noticed the motion to be heard less than twenty-four hours later in a different county, Clay County. The Bar Complainants, the court-appointed guardian ad litem (GAL) for both children and the Jackson County Attorney whose office was prosecuting the two DNA cases, reported never having received the motion in the mail, despite Calmes' certificate of service attesting to such. Calmes did not email the motion to counsel or other relevant parties, nor were the pleadings successfully delivered by e-filing. Instead, Complainants reported that they only became aware of the filing because Calmes' client notified the children's case workers they had court the next day. This news then made its way to the attorney for the Cabinet for Health and Family Services, the GAL, and the County Attorney.

In addition to the problems relevant to serving the parties, Calmes' motion included a declaration that "the Commonwealth and the Defense have reached an agreed order of dismissal." Though Calmes was hopeful the parties were near reaching an agreement, he knew at the time of submitting the motion that no formal agreement had been reached. Calmes also tendered an Agreed Order of Dismissal with his motion that was only signed by him and

2

included very specific terms related to the ongoing litigation. The Jackson County Attorney's office was adamant that they did not have a formal agreement with Calmes or his client, and certainly not with the variety of terms and conditions outlined in the tendered Agreed Order of Dismissal.

After Calmes responded to the initial Bar Complaint, on March 6, 2025, the Inquiry Commission issued a three-count Charge containing the following allegations: Count I alleged violation of SCR3.130(1.1) concerning lack of competent representation related to the problems Calmes had in getting his motion successfully served to the relevant parties; Count II alleged violation of SCR 3.130(3.3)(a)(1), claiming Calmes violated this rule when his motion contained a false statement that the parties involved had agreed to a resolution, and tendering an Agreed Order of Dismissal memorializing that resolution; and Count III alleged violation of SCR 3.130(8.4)(c) for Calmes' dishonest and misrepresented statements made in conjunction with his motion and the tendered Agreed Order of Dismissal.

Calmes admits the violations in Counts II and III, but denies the allegations in Count I. As to Count II, Calmes asserts that he believed he and the County Attorney involved in the litigation had meaningful discussions and were very close to terms of an agreement to resolve the matters. Nonetheless, he acknowledges that tendering the Agreed Order of Dismissal was premature, as the parties had not yet finalized any type of formal agreement, rendering his statement to the court declaring such an agreement false. In acknowledging his violation as to Count III of the Charge, Calmes states he misrepresented to

3

the court the true nature of any sort of agreement between the parties. Calmes asserts that he was doing what he believed was in the best interest of his client but is remorseful for the problems his motion caused.

To resolve this disciplinary matter, Calmes proposes a 181-day suspension, with 50 days to serve, with the balance of the suspension probated for two years with conditions. The KBA has no objection to this proposed sanction.

Calmes also specifically requests that this suspension run concurrent to any discipline imposed in a separate 2024 disciplinary matter. On February 15, 2024, this Court accepted a proposed negotiated sanction to resolve two pending disciplinary matters against Calmes. *Calmes v. Ky. Bar Ass'n*, 686 S.W.3d 189 (Ky. 2024). The Court imposed a thirty-day suspension, probated for two years, with conditions. *Id.* at 192. One of the conditions was that Calmes would not have any other disciplinary charges filed against him. *Id.* Because the misconduct precipitating the present complaint occurred on October 30, 2024, with the Charge filed by the Inquiry Commission on March 6, 2025, Calmes violated a condition of his probated suspension in the 2024 disciplinary matter.

As a result of the current pending disciplinary matter, the KBA filed a Motion to Show Cause in this Court because Calmes failed to comply with the terms of his probation. This Court issued a Show Cause Order on July 14, 2025, directing Calmes to show cause as to why his disciplinary probation should not be revoked and his thirty-day suspension imposed. In response to

4

that Order, Calmes admitted that he made honest mistakes in handling the custody matter, and recognized the higher standards he is held to as an attorney. In accepting responsibility for violating the terms of his February 2024 suspension, Calmes requested that the thirty-day suspension run concurrently to the proposed fifty-day suspension in the present disciplinary matter. We consider both the proposed sanction in the current disciplinary matter as well as Calmes' request that any imposed suspension be served concurrently to any suspension imposed in the 2024 disciplinary matter.

### ANALYSIS

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges" if the parties agree. SCR 3.480(2). Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction falls within the discretion of this Court.

Case law supports the imposition of the sanction Calmes proposes. In *Sullivan v. Kentucky Bar Association,* 635 S.W.3d 543 (Ky. 2021), attorney Sullivan was charged with multiple counts of violating her duty of diligence, making a false statement to a tribunal, failing to respond to a disciplinary authority, and failing to communicate with her client. These charges spanned three disciplinary case files, and attorney Sullivan had a lengthy disciplinary history prior to the allegations giving rise to the 2021 case. *Id.* at 545. The

5

Court imposed a 181-day suspension, with 90 days to serve and 91 days probated, with conditions. *Id.* at 546.

In *Dutra v. Kentucky Bar Association,* 440 S.W.3d 374 (Ky. 2014), an attorney was suspended for 181 days, with 61 days to be served and the remainder probated for 2 years. The attorney was charged with three counts of professional misconduct, which included failure to respond to requests for information, failing to consult with his client, and withdrawing funds from a trust account for purposes other than to benefit his client. *Id.* at 376. To resolve the disciplinary matter, Dutra and the KBA agreed to a 181-day suspension, with 61 days to be served and the balance probated for 2 years, which this Court accepted and imposed. *Id.*

*Kentucky Bar Association v. Collins,* 2 S.W.3d 102 (Ky. 1999), involved a similar suspension imposed on an attorney for his actions in representing his ex-wife in a bankruptcy proceeding. Attorney Collins tendered an order to the bankruptcy court showing that his ex-wife had fully released a judgment lien against Collins' property when, in fact, she had only partially released the lien. *Id.* at 103. In the disciplinary case, Collins contended he did not have knowledge of the partial release. *Id.* A trial commissioner determined that Collins had personally filed the partial release with the Fayette County Clerk's Office prior to the bankruptcy filing. *Id.* Ultimately this Court held that Collins violated two Supreme Court Rules by failing to reveal to the bankruptcy court that the agreement with his former spouse only provided a partial release, and by engaging in conduct involving dishonesty, fraud, or deceit. *Id.* at 104.

Given Collins' forty-seven-year history of legal practice with no prior disciplinary actions, the Court accepted the KBA's proposed fifty-nine day suspension. *Id.*

These cases are like Calmes' case in that they involved multiple charges for multiple rule violations and the attorneys admitted to violating the rules of professional conduct. *Collins* specifically involved the attorney making a misrepresentation to a tribunal and misconduct that involved dishonesty and deceit, like Calmes. While Calmes committed multiple offenses and demonstrated a pattern of misconduct, he also admitted that he genuinely believed the parties were near reaching an agreement and acted in what he believed was the best interest of his client. Further, Calmes acknowledged he fell short of what the rules of professional conduct require and takes responsibility for his behavior, acknowledging the issues his motion caused for the responding parties, the Cabinet, and the GAL. The proposed sanction of a 181-day suspension, with 50 days to serve and the balance probated for 2 years, is consistent with the sanctions this Court outlined herein for similar conduct.

Additionally, American Bar Association's *Standards for Imposing Lawyer Sanctions*[2] suggest that a suspension is generally an appropriate penalty when a lawyer knows that false statements or documents are being submitted to the court. § 6.12. According to the *Standards,* the following aggravating factors

---

[2] American Bar Association, *Standards for Imposing Lawyer Sanctions* (2d ed. 2019).

are present here: (1) prior disciplinary offenses; (2) a pattern of misconduct; and (3) submission of false statements. §9.2. In mitigation, Calmes has maintained a cooperative attitude toward these disciplinary proceedings and has demonstrated remorse for his actions.

After reviewing the allegations, Calmes' disciplinary record, and the relevant caselaw, we conclude that the discipline proposed in this matter is adequate. However, we decline Calmes' request to run the present suspension concurrently with the suspension imposed for violating the terms of his disciplinary probation period in the 2024 KBA matter. Allowing the suspensions to run concurrently provides an unwarranted benefit, effectively resulting in no separate sanction for not only committing misconduct in the 2024 matter, but also no sanction for violating the express terms of the probated suspension. In the 2024 matter, Calmes agreed to receive no new disciplinary cases against him and clearly violated that condition by committing the actions which lead to the present disciplinary matter. These cases constitute separate violations of our Supreme Court Rules, for which we believe separate punishments must be imposed. As such, the thirty-day suspension for violation of the disciplinary probation condition shall run consecutively to the proposed fifty-day suspension in this matter.

## CONCLUSION

After review, we agree that a 181 day suspension, with fifty days to serve and the balance probated for two years, is appropriate discipline. This

8

suspension shall run consecutively to the thirty-day suspension imposed in 2023-SC-0555-KB for violation of the disciplinary probation conditions.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Nicholas Scott Calmes, KBA Member Number 96187, is hereby suspended for 181 days, with 50 days to serve and the remaining 131-day balance to be probated for two years, for his violation of SCR 3.130(3.3)(a)(1) and 3.130(8.4)(c) in 2024-DIS-0352. As of the date of entry of this Order, the two-year probationary period, with the conditions stated below, shall begin.

2. The suspension is probated for two years on the following terms and conditions:

   a. Calmes shall have no more disciplinary charges filed against him.

   b. Calmes shall timely pay his KBA membership dues.

   c. Calmes shall timely satisfy all continuing legal education requirements.

3. If Calmes violates the terms of probation within two years from the date of this Order, the Kentucky Bar Association may file a motion with the Supreme Court requesting the issuance of a show cause order directing Calmes to show cause, if any, why the balance of the suspension, 131 days, should not be imposed.

4. In accordance with SCR 3.450, Calmes is directed to pay all costs associated with these disciplinary proceedings against him, said sum

9

being $74.87, for which execution may issue from this Court upon finality of this Opinion and Order.

5. In addition, because Calmes violated the disciplinary probation conditions set forth in this Court's February 15, 2024 Order, we hereby impose a thirty-day suspension in disciplinary matters 22-DIS-0182 and 23-DIS-0055. This thirty-day suspension shall run consecutively to the fifty-day suspension imposed in 2024-DIS-0352, resulting in a total of eighty days' suspension to serve.

ENTERED: October 23, 2025

All sitting. All concur.

_____
CHIEF JUSTICE